## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**

**Plaintiff,**

**vs.**                                        No. D-412-CV-2018-00263

**FRANCES TWEED, in her individual capacity,**

**CORRINE DOMINGUEZ, in her individual capacity,**

**ANTONIO COCA, in his individual capacity,**

**JOE CHAVEZ, in his individual capacity,**

**NEW MEXICO BEHAVIORAL HEALTH INSTITUTE, a political subdivision of the NEW MEXICO DEPARTMENT OF HEALTH a division of the STATE OF NEW MEXICO,**

**DEPUTY SEAN ARMIJO, in his individual capacity as a deputy employed by the San Miguel County Sheriff's Office,**

**UNDERSHERIFF ANTHONY MADRID, in his individual capacity as a deputy employed by the San Miguel County Sheriff's Office,**

**DEPUTY ANTOINE WHITFIELD, in his individual capacity as a deputy employed by the San Miguel County Sheriff's Office, and**

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAN MIGUEL,**

**Defendants.**

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL. RIGHTS AND TORT CLAIMS

Plaintiff John Vigil, by and through his attorneys of record, ROMERO & WINDER, P.C.

(Joe M. Romero, Jr.) and for his Motion for Leave to File his Second Amended Complaint for

violation of his federally protected civil rights, violations of his state-protected civil rights, and for torts committed against him, states:

1.      On June 7, 2019, this Court granted the Motion for Summary Judgment filed by Defendants Frances Tweed, Antonio Coca, and Joe Chavez.

2.      Between the time that the Motion for Summary Judgment was briefed and the time of this writing, significant information was discovered through the litigation of Plaintiff's State Personnel Office in which Plaintiff's termination was ultimately rescinded.

3.      The information now available significantly effects the facts known by Plaintiff, including that the notes alleging bad acts by Plaintiff were fabricated by Defendants Frances Tweed, Antonio Coca, and/or Joe Chavez.

4.      Plaintiff was also inartful in his drafting the facts related to his First Amendment retaliation count.

5.      Defendants oppose this Motion.

## ANALYSIS

Rule 15(a)(2) provides that leave to amend should be freely given where justice so requires. Courts should grant leave to amend liberally. Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.2d 1300, 1315 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff believes that his Second Amended Complaint resolves many of the issues raised in the Court's Order. A proposed copy of Plaintiff's Second Amended Complaint is attached hereto as *Exhibit A*.

Respectfully submitted,
ROMERO & WINDER, P.C.

"**Electronically Filed**"

By:  /s/ Joe M. Romero. Jr.
Attorney for Plaintiff
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
joe@romeroandwinder.com