## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**

      **Plaintiff,**

**vs.**                                    **Cause No. 18-CV 00829 SCY/JKR**

**FRANCIS TWEED,**
**ANTONIO COCA,**
**JOE CHAVEZ,**
**NEW MEXICO DEPARTMENT OF HEALTH,**
**a political subdivision of the New Mexico Department of Health,**
**DEPUTY SEAN ARMIJO, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**UNDERSHERIFF ANTHONY MADRID, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**DEPUTY ANTOINE WHITFIELD, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**and the BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF SAN MIGUEL**

      **Defendants.**


## DEFENDANTS BOARD OF COUNTY COMMISSIONERS
## FOR THE COUNTY OF SAN MIGUEL, ANTHONY MADRID,
## SEAN ARMIJO, AND ANTOINE WHITFIELD'S RESPONSE IN OPPOSITION TO
## <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>

      **COME NOW** Defendants, Board of County Commissioners for the County of San Miguel,

Anthony Madrid, Sean Armijo, and Antoine Whitfield ("County Defendants"), by and through

their attorneys of record, Brennan & Sullivan, P.A., and for their Response in Opposition to

Plaintiff's Motion for Leave to File Second Amended Complaint states as follows:

## I.  PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 26, 2018.  This Complaint was not served.  Rather, on August 21, 2018, Plaintiff filed a First Amended Complaint which asserted various claims of wrongdoing based on conduct that occurred in June 2015.  Defendants removed this matter on September 9, 2018.

Now, Plaintiff seeks to file a Second Amended Complaint.  In it, he makes the audacious assertion that County Defendants deliberately omitted mention of NMBHI Defendants' actions in their warrant application, failed to conduct an investigation to discover that the anonymous note was "fabricated" and was based on "planted evidence," and were involved in a "plot" with NMBHI Defendants.  *See* Pl.s' Mot. to File Sec. Am. Compl., Ex. 1, ¶¶ 44, 50, 54 [Doc. 31].  Plaintiff also asserts a new theory of recovery, malicious abuse of process, against the County Defendants.  Doc. 31-1, ¶¶ 108 – 112.

## II.  ARGUMENT

### PLAINTIFF'S MOTION MUST BE DENIED AS IT IS DILATORY.

As the procedural history outlined above shows, Plaintiff's request to amend the Complaint again must be denied based on undue delay.  In addressing whether an amendment is dilatory, "district courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment.  *Romero v. Hartford Cas. Ins. Co.*, 1:16-CV-1335-RB-LF (D. N.M. Aug. 3, 2017), 2017 U.S. Dist. LEXIS 123763, *16-*17, citing *Schindler v. Charles Schwab & Co.*, No. CIV.A.05-0082, 2005 U.S. Dist. LEXIS 9193, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005).

While there is no bright line rule regarding dilatory amendments, "persuasive authority from within this Circuit seems to establish that amending within a few weeks to a few months was not undue delay, while waiting more than four months after removal constitutes dilatory filing." *Id.* * 17, comparing *Pacely v. Lockett*, No. 212CV00152MCASMV, 2013 U.S. Dist. LEXIS 200135, 2013 WL 12136690, at *9 (D.N.M. Mar. 30, 2013) (Plaintiff was not dilatory in amending complaint where it was filed only two weeks after removal); *Reigel v. Canyon Sudar Ptnrs, L.L.C.*, No. CIV.A. 07-CV-00595MS, 2007 U.S. Dist. LEXIS 84026, 2007 WL 3274430, at *4 (D. Colo. Nov. 5, 2007) (amendment not dilatory where they sought to amend their Complaint less than one month after the case was removed, approximately three months after the case was commenced); with *Grabau v. Target Corp.*, No. CIVA06CV01308WDMPAC, 2006 U.S. Dist. LEXIS 93007, 2006 WL 3838218, at *2 (D. Colo. Dec. 26, 2006) (motion to amend was dilatory when filed four and a half months after removal).

In the present case, Plaintiff's motion is filed **fifteen months** from the date of the initial Complaint and **ten months** after removal. This is far beyond the timing of amendments considered reasonable in this district. And, despite Plaintiff's curt recitation in his motion which strongly implies that the only amendments pertain Defendants Tweed, Coca, and Chavez based on the Court's Memorandum Opinion issued on June 7, 2019 [Doc. 30], his proposed Second Amended Complaint significantly changes the complexion of the allegations against the County Defendants. To the extent Plaintiff claims that there is "new evidence" to support the shocking new allegations against the County Defendants, it defies logic that new facts have come to light on an incident that occurred nearly four years ago, particularly evidence that implicates some sort of widespread police conspiracy.

### III.   CONCLUSION

Plaintiff's proposed Second Amended Complaint goes far beyond the short recitation in his motion.  He seeks to add facts and theories against County Defendants, not merely the defendants involved in qualified immunity motions practice, from a criminal investigation that occurred in 2015.  Plaintiff's desire to amend the Complaint a second time must be rejected as dilatory.  County Defendants, accordingly, respectfully request that Plaintiff's motion to amend be denied and for all other relief the Court deems just.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By:     */s/ Christina L. G. Brennan*
        Christina L. G. Brennan
        James P. Sullivan
        128 East DeVargas
        Santa Fe, New Mexico 87501
        (505) 995-8514
        *Attorneys for Defendants, Deputy Sean Armijo,*
        *Undersheriff Anthony Madrid, Deputy Antoine Whitfield,*
        *and the Board of County Commissioners for the County of*
        *San Miguel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July 2019, I filed the foregoing electronically

through the CM/ECF system, which caused the following parties or counsel to be served by

electronic means, as more fully reflected on the Notice of Electronic Filing:

Joe M. Romero, Jr.
Romero & Winder, P.C.
1905 Lomas, Blvd., NW
Albuquerque, NM  87104
505-843-9776
joe@romeroandwinder.com
*Attorneys for Plaintiff*

Mark Komer, Esq.
Long, Komer & Associates, P.A.
Post Office Box 5098
Santa Fe, NM  87502-5098
505-982-8405
mark@longkomer.com
*Attorneys for Defendants Frances Tweed,*
*Corrine Dominguez, Antonio Coca, Joe Chavez,*
*and New Mexico Department of Health*

By:    */s/ Christina L. G. Brennan*
       Christina L. G. Brennan