IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

    Plaintiff,

v.                                                 Case No. 1:18-CV-00829-SCY-JFR

FRANCES TWEED, et al.,

    Defendants.

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In response to the Court's Order (Doc. 30, filed 06/07/2019) dismissing plaintiff's first amended complaint (Doc 1-1, filed 08/30/2018), Plaintiff John Vigil seeks to file a second amended complaint. Vigil claims that good cause exists for amendment because his State Personal Board (SPB) appeal supposedly revealed new facts. He now contends that Defendants Francis Tweed, Antonio Coca and/or Joe Chavez (and possibly others) planted evidence and then fabricated the anonymous notes that preceded the search of Mr. Vigil's office and the discovery of contraband in his desk. (*See* Doc 31, filed 07/08/2019)

As explained below, Vigil's argument that the State Personnel Board appeal recently revealed information supporting the proposed amendment is unconvincing and appears to be pretextual. Vigil further fails to provide any evidentiary basis to establish good cause to support the proffered allegations. Defendants also oppose

the complaint because good cause does not exist under Rule 15 for leave to file the second amended complaint, and further, the proposed amendments are futile.

1. Background

The Court will recall that Vigil's original complaint alleged civil rights violations that derived, in part, from the State defendants' searches of the office on June 3, 2015 based on two anonymous notes. In response to the Court's decision dismissing the claims based on that theory, Vigil asserts two, entirely conclusory, reasons for the proposed second amended complaint:

> Between the time that the Motion [to Dismiss] was briefed and the time of this writing significant information was discovered through the litigation of Plaintiff's State Personnel Office [appeal] in which Plaintiff's termination was ultimately rescinded.

(Doc. 31 at 2, ¶2) [alterations for clarification]. Vigil then asserts that:

> The information now available significantly effects the facts known by Plaintiff, including that the notes alleging bad acts by Plaintiff were fabricated by Defendants Frances Tweed, Antonio Coca, and/or Joe Chavez.

(*Id.* at ¶3)[1]

The record from the State Personnel Board appeal does not support either assertion. The SPB conducted plaintiff's appeal in July 2018. (*See* Recommended Decision of SPB hearing officer, Exhibit 1; Final Decision, Exhibit 2) The appeal involved a multi-day hearing with witnesses and exhibits, as well as an additional hearing day. (Exhibit 1 at 8, "Procedural Posture") Vigil submitted proposed findings and conclusions as well as a written closing argument on September 20,

---

[1] Vigil also throws in a statement that Count V was "inartful[ly drawn ]." *Id.* at ¶ 4.

2018. (*See id.*) The matter was then closed, awaiting the Hearing Officer's decision. (*Id.*)

The State Defendants in the present case did not file their Motion to Dismiss, (Doc 16) until October 12, 2018 – months after the presentation of the evidence during the SPB appeal. Vigil filed his Response to the Motion to Dismiss (Doc 23) on November 5, 2018. Thus, Vigil and his counsel (who also participated in the SPB appeal) were well aware of any evidence that supposedly came to light during the SPB litigation well before Vigil filed his response to the motion to dismiss.

Further the record from the SPB proceeding does not support plaintiff's assertions. Although plaintiff's termination was rescinded, he instead received a 30-day suspension from his work duties. The Hearing Officer determined that the plaintiff had engaged in the various workplace misconduct related to the evidence revealed during the office searches. (Exh. 1 at 9, "Summary of Decision") The Hearing Officer's decision makes no observation, let alone findings, that anyone fabricated a note or planted evidence.[2] (*See generally* Exh. 1) Nor was there evidence that competently supports a conclusion that any State Defendant fabricated a note or planted evidence. *Id.*

2. **Law on Motions to Amend**

Rule 15(a)(1) provides that a party may amend its pleadings once as a "matter of course" within twenty-one days of serving the pleading, or twenty-one

---

[2] The Hearing Officer issued her Recommended Findings on March 4, 2019, and the SPB accepted her decision as Final on March 22, 2019. Thus, if something new had come to light in the hearing officer's decision, Vigil also could have advised the Court well before its issued its June 6, 2019 Memorandum Opinion & Order, Doc. 30, dismissing the complaint.

days after a service of a motion under rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1). *See* MTA at 1. Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

A district court is justified in refusing leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Circ. 1993) (citation omitted). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *See Frank*, 3 F.3d at 1365-66 (citations omitted). In addition, if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial," *See id.*

A Court may deny leave to amend under Rule 15(a) where the proposed "amendment would be futile." *Jefferson Cty. Sch. Dist. v. Moody's Inv'r's Serv.*, 175 F.3d at 859. The Tenth Circuit has held that "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Chaara v. Intel Corp.*, No. 05-278, 2006 WL 4079030, at *4 (D.N.M. May 31, 2006) (Browning, J.) (internal quotation marks omitted). Thus, a court may deny leave to amend where the amended pleading "sets forth

claims that would clearly not prevail or improve the party's position." *Chaara v. Intel Corp.*, 2006 WL 4079030, at *4. It is well established in the Tenth Circuit, however, that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal," *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004), or if it fails to state a claim upon which relief may be granted, *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

3. **Good Cause Does Not Exist For The Motion To Amend**

The plaintiff's complaint appears to assert five or possibly six counts. Count I is a claim for unreasonable search and seizure based on 42 U.S.C. Section 1983. The second count asserts a claim under the New Mexico State Constitution also based on unreasonable search and seizure. Count III states a claim for malicious prosecution under 42 U.S.C. Section 1983. There is no Count IV averred in the complaint, but there is some language in Count III that suggests that plaintiff is possibly attempting to allege a state law tort against the defendants for malicious prosecution. Count V is a First Amendment claim, and Count VI asserts a *respondeat superior* claim under the New Mexico Tort Claims Act.

As set forth above, Vigil's claim about the SPB hearing leading to new evidence is untimely. Vigil could have sought to amend before the motion to dismiss and certainly in response to the motion to dismiss but failed to do so. Untimeliness alone is a reason to deny the amendment. *Frank v. US. West, Inc.,* 3 F.3d at 1365-66. Vigil provides no explanation to the Court about these untimely allegations, and at this stage, the proposed amendments appear dilatory.

Further, Vigil's claims are futile and implausible based on the SPB record, Vigil's motion to amend and proposed second amended complaint. According to the hearing officer's summary of Vigil's testimony, Vigil allegedly did not place and was unaware of the Clonazepam tablet in his desk cabinet; he claimed he would not have placed an unidentified pill in his desk. (Exhibit 1 at 18-19) Vigil did not assert that any of the putative individual defendants placed a pill in his desk or fabricated a note. (*Id.*) There is some initial discussion that Vigil had conflict with another individual, PTS Tina Gurule and staff members on the graveyard shift, and that he believed they were responsible for the allegations against him. (Exhibit 1 at 18)

Based on evidence introduced thus far, Vigil's proposed amendments appear based on nothing more than speculation that one of the defendants could have perhaps drafted the notes. His claim that he does not recall the clonazepam in his desk is not sufficient in and of itself to support a conclusion that anyone, let alone a particular defendant, in fact, placed it in his desk.

Moreover, any claim based on allegations alleging new events is barred by the statute of limitation. An amended complaint relates back when the proffered amendment asserts a claim that arose out of "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). This requirement gives a defendant fair notice to anticipate litigation involving a specific factual situation. *Price v. McKee*, No. 12-1432-CM, 2013 U.S. Dist. LEXIS 94562, 2013 WL 3388905, at *4 (D. Kan. July 8, 2013) (quoting *Reed v. Entercom Commc'ns Corp.*, No. 04-2603-CM, 2006 U.S. Dist.

LEXIS 26436, 2006 WL 1174023, at *1 (D. Kan. Apr. 28, 2006)). Even if a new pleading shares similar elements to the original claim, it "cannot relate back if the effect of the new pleading is to fault the defendants for conduct different from that identified in the original complaint." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). An amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

    Here, Plaintiff's original complaint alleged that the defendants lacked probable cause to conduct an office search based on the receipt of the anonymous notes. The complaint gave no notice that Vigil claimed defendants planted evidence or fabricated notes. The Court determined that the defendants were entitled to qualified immunity on the allegations related to lack of probable cause. To overcome the Court's ruling, plaintiff resorts to alleging an entirely new event, claiming that at some point before the search, one or more of the defendants planted a pill in his office drawer. He claims that they then fabricated the anonymous notes that preceded the office searches. The factual allegations asserting these new events are untimely and do not relate back to the original complaint under the provisions of Rule 15.

    The two searches at issue occurred over four years ago in mid-June 2015. Accepting plaintiff's allegations at face value, the alleged conduct planting evidence and fabricating the notes occurred before those searches occurred. Under 42 U.S.C.

Section 1983, any claim related to this new conduct -- planting evidence and fabricating notes – expired within three years, *i.e.,* by June of 2018. *Garcia v. Wilson*, 731 F.3d 640,6512 (10th Cir. 1984) *aff'd* 471 U.S. 261, 280. The plaintiff's claims under the New Mexico Tort Claims Act are subject to a two-year statute of limitations. NMSA 1978, § 37-1-23. Vigil filed his motion to amend, Doc 31 on July 8, 2019 including the new conduct over a year after either of the statutes of limitation expired.

Because the only alleged basis to overcome the Court's Order of dismissal consists of entirely new events, the plaintiff cannot rely on the relation back provisions of Rule 15 to salvage these new, untimely allegations. The proposed amended complaint is therefore futile.

### 4. Plaintiff fails to provide good cause for the malicious prosecution claims

Plaintiff also includes a count for malicious prosecution and possibly a claim for malicious abuse of process under New Mexico state law. The problem with these allegations is that the plaintiff previously agreed that he was dismissing them:

> Plaintiff agrees that he cannot maintain an action for malicious prosecution under the United States Constitution against any of the Hospital Defendants and, to the extent that his Complaint alleged Malicious Abuse of Process claims against any of the Hospital Defendants, he agrees to the dismissal thereof.

(Response Doc. 23 at 10)

Vigil's motion does not provide any explanation about why these claims should now be considered. If he is attempting to allege liability under these claims based on his theory about new facts from the SPB hearing – here again, Vigil

agreed to dismiss the claims voluntarily back in November 2018 and months after the SPB hearing occurred. The request to amend now is untimely. As with the search and seizure claims in Counts I and II, there is no sufficient factual basis to support good cause for the amendment, and any claim based on new factual conduct and events is untimely.

5. **The State Law Claims Continue to be Futile**

The plaintiff's complaint does not cure the deficiencies related to his state law claims under the Tort Claims Act. The Court's Memorandum Opinion and Order determined that there was no allegation that defendants were "operating" a hospital or that "any operational-level negligence led to the conduct at issue" sufficient to come within the waiver of immunity in NMSA 1978, §41-4-9 (healthcare facilities). (Doc 30 at 27-28) This provision waives sovereign immunity for damages "caused by the negligence of public employees acting within the scope of their duties in the operation of" various healthcare facilities. § 41-4-9.

Here, the plaintiff has again not made any allegations of negligence; all of the claims are for intentional torts or constitutional violations. Although in some places Vigil has attempted to describe these activities as "operations" of the Behavioral Health Institute, there are still no allegations of negligence. Accordingly, the amendment does not cure the original deficiency the Court found due to lack of "any operative negligence." The defendants further maintain that the tort claim waiver, which is to be narrowly construed under the NMTCA, concerns the provision of medical services, not onsite personnel issues. There are also no waivers of liability

under the NMTCA for malicious abuse of process or search and seizure claims. Similarly, the claim in Count VI for *respondeat superior* fails because the alleged predicate conduct does not fall within an applicable tort waiver. Accordingly, all the State law claims are futile.

### 6. First Amendment Claims

This Court determined in the Memorandum Opinion that plaintiff's First Amendment claims based on Freedom of Association pertaining to plaintiff's alleged relationship with his partner was not viable. (Doc 30 at 22-25) Vigil agreed that his complaint did not state a First Amendment claim based on his alleged support of his partner. (*Id.* at 22-23) Vigil also did not provide the Court with clearly-established law and did not allege facts sufficient to support a claim for interference with an intimate relationship. (*Id.* at 23-25) The proposed second amended complaint does not materially change either theory, and therefore, the freedom of association claim appears futile.

This leaves Vigil's claim that the individual defendants retaliated against him for complaining about alleged mismanagement of patients at the BHI. The Court previously determined that Vigil had failed to cite clearly established law that supported a First Amendment claim based on Vigil's conclusory allegations and had not included sufficient factual content to state a plausible claim. (Doc. 30 at 21)

In the proposed second amended complaint, Vigil has done little more except to include more conclusory allegations describing his alleged speech. (*Compare* Doc 1-1 at 47-40 *with* Doc 31 at ¶¶123-125; 132-135) Vigil claims that the BHI was

engaged in mistreatment of patients. (¶124) This consisted of assigning patients with "limited cognitive skills" to his unit (¶¶123, 133), which he claims was not equipped to handle patients who could not manage their funds or medication. (*Id.* at ¶134)

Here again, plaintiff's claims are not actionable under clearly established law. Vigil appears to be raising a workplace grievance about patients assigned to his unit. The allegations about managing funds and medications are directly related to his disciplinary action. (*See* Exh. 1) He fails to allege sufficient facts to show how these allegations rise to a matter of public concern outside the scope of his job duties. For example, there is no description of how the alleged misclassification caused harm to any particular patient, let alone did so on a level sufficient to create a matter of public concern. There is no clearly established law that might suffice to support a First Amendment violation based on such alleged speech by an employee.

Moreover, the plaintiff's proposed second amended complaint does not fill in the other elements of a First Amendment violation. The claim cannot go forward based merely on allegations that plaintiff engaged in speech about misclassifying patients in his unit and that at another point the individual defendants took some employment action against him. There is no description in the complaint about when the plaintiff made the alleged speech, how many times he did so, how and when he communicated the speech, whether in writing, verbal or otherwise, how any of the individual defendants became aware of the speech, any facts that might support an inference of causal connection between the speech and the alleged

employment actions, and so forth. Thus, plaintiff's proposed complaint fails to cure the deficiencies the Court originally identified in the original complaint and still fails to assert a plausible First Amendment violation.

Yet again, to the extent that the plaintiff is relying on the allegations of the new conduct related to planting evidence and fabricating notes, those allegations are untimely – due to the untimely motion to amend as well as the statute of limitations. The proposed amendments do not correct the original deficiencies that the Court originally observed with the complaint.

### 7. Conclusion

In sum, plaintiff's proposed Second Amended Complaint does not adequately cure the original deficiencies that were the subject of the Court's previous Order. The plaintiff has not established good cause under Rule 15 for the amendment by setting forth a cogent explanation of how new evidence had come to light from the State Personnel Board hearing when plaintiff was aware of evidence presented in that proceeding all along when he filed his response to the motion to dismiss. Further, the allegations of new conduct by the defendants are untimely as a matter of law. For all these reasons, plaintiff's motion to amend should be denied.

Respectfully submitted,

**LONG, KOMER & ASSOCIATES, P.A.**

*Attorneys for Defendants Tweed, Coca, Chavez and New Mexico Dept. of Health*


/s/ Mark E. Komer
MARK E. KOMER
P. O. Box 5098
Santa Fe, NM  87502-5098
505-982-8405
mark@longkomer.com
email@longkomer.com


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of July 2019, I filed the foregoing **Response to Plaintiff's Motion for Leave to File Second Amended Complaint** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joe M. Romero, Jr.
joe@romeroandwinder.com

*Attorneys for Plaintiffs*


Christina L.G. Brennan
James P. Sullivan
christina@brennsull.com
jamie@brennsull.com

*Attorneys for County Defendants*


By:   s/ Mark E. Komer
        Mark E. Komer