# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

      Plaintiff,

    v.                                                                 Civ. No. 18-829 SCY/JFR

FRANCES TWEED et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO AMEND[1]

This matter comes before the Court on Plaintiff John Vigil's Motion For Leave To File Second Amended Complaint For Violation Of Civil Rights And Tort Claims, filed July 8, 2019. Doc. 31. All Defendants oppose the motion. Docs. 33 & 34. Given that Plaintiff has not yet amended his Complaint in federal court, that Plaintiff moved to amend within the thirty days contemplated in the Court's Order granting Defendants' motion to dismiss, and that Plaintiff's motion comes before any deadline to move to amend, the Court will GRANT the motion.

## BACKGROUND

Plaintiff filed suit in state court on April 26, 2018. Doc. 1-1. On May 30, 2018, while the case was still in state court, he filed a First Amended Complaint. Doc. 1-4. He sues Defendants Frances Tweed, Antonio Coca, Joe Chavez, and Corrine Dominguez in their individual capacities as employees of the State of New Mexico. Doc. 1-4 at 2-3 ¶¶ 5-8.[2] Together with

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 15, 21, & 22.

[2] Because the paragraph numbering in the First Amended Complaint starts over on page 13 and again on page 22, the citations herein include the page number as well as the paragraph number.

Defendant New Mexico Department of Health, who operates the New Mexico Behavioral Health Institute ("NMBHI"), *id.* at 4 ¶ 9, these Defendants are collectively the "State Defendants." Additionally, the First Amended Complaint names Deputies Sean Armijo and Antoine Whitfield, and Undersheriff Anthony Madrid, of San Miguel County, in their individual capacities. *Id.* at 3-4 ¶ 10-12. Together with Defendant Board of County Commissioners of San Miguel County, *id.* at 5 ¶ 13, these Defendants are collectively the "County Defendants."

The County Defendants removed this case to federal court on August 30, 2018, alleging that this Court has original jurisdiction over the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. *See* Doc. 1 ¶¶ 9-10. On August 31, 2018, the State Defendants filed a notice of consent to removal. Doc. 5. The County Defendants filed an Answer on October 5, 2018. Doc. 13.

On October 12, 2018, the State Defendants filed a motion to dismiss the claims against them on the basis of qualified immunity. Doc. 16. Five days later, Magistrate Judge Molzen found good cause to delay entry of a Rule 16 scheduling order pending the resolution of the Motion to Dismiss. Doc. 18. On June 7, 2019, the Court granted the State Defendant's Motion to Dismiss, finding that they were entitled to qualified immunity on Plaintiff's federal constitutional claims and that Plaintiff did not state a claim under the New Mexico Tort Claims Act ("NMTCA"). Doc. 30. The Court also ordered that "Plaintiff will have thirty days to move to amend his complaint to the extent that he is able to do so consistent with this opinion." Doc. 30 at 28.

Plaintiff timely filed the present Motion to Amend and attached his proposed second amended complaint to the motion in compliance with D.N.M.LR-Civ. 15.1. *See* Doc. 31-1. In the motion, Plaintiff requests leave to file this amended complaint. In the proposed complaint,

Plaintiff, for the first time, asserts that Defendants Tweed, Coca, and/or Chavez planted a Clonazepam tablet in his desk drawer, fabricated an anonymous note stating that Plaintiff would have "ativans and narcotics" locked in his desk, and then conducted a search so that they could find the Clonazepam tablet that they had earlier planted. Doc. 31-1 at 5-6. Further, for the first time, Plaintiff alleges that Deputy Armijo and Undersheriff Madrid based their searches on information the State Defendants provided and "did not conduct the minimal investigation needed to discover that the note was fabricated." Doc. 31-1 at 6, ¶¶ 47-50. Plaintiff also repleads his First Amendment claim and NMTCA claim to more specifically allege the basis of those claims.

## DISCUSSION

Rule 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Typically, the Court's practice is to liberally grant leave to amend where a pleading initially filed in state court is dismissed in federal court on the ground that it was insufficient under Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is because it would be unfair to hold a complaint originally filed in state court to federal pleading standards.[3] Given the permissiveness with which courts view motions to amend, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Both

---

[3] New Mexico has declined to follow the United States Supreme Court's interpretation of Federal Rule 8 with respect to its parallel rule. *See Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 17, 283 P.3d 871, 876.

sets of Defendants argue "undue delay" because, at the time he filed his original complaint, Plaintiff should have known the facts upon which the proposed amendment is based.

Specifically, State Defendants assert that if Plaintiff's new planting and fabricating allegations arise from information learned during a State Personnel Board ("SPB") appeal, Plaintiff should have presented that information earlier. Doc. 34 at 2.[4] State Defendants point out that Plaintiff submitted proposed findings, proposed conclusions, and a written closing argument to the SPB on September 20, 2018. Doc. 34 at 2-3. This is nearly a month and a half before the November 5 date on which Plaintiff filed his Response to Defendants' Motion to Dismiss. Doc. 34 at 3. While Defendants' argument has some appeal, it also reveals that proceedings before the SPB occurred after Plaintiff filed his First Amended Complaint in State Court. *Compare* Doc. 1-4 (5/30/18 filing of First Amended Complaint), *with* Doc. 34 at 2 (representing that SPB conducted plaintiff's appeal in July 2018). Thus, Plaintiff had no opportunity to incorporate anything he learned during the SPB hearings into his First Amended Complaint.

In addition, on October 17, 2018, the Court declined to enter a scheduling order in light of the State Defendants' assertion of qualified immunity in their Motion to Dismiss. Doc. 18. This stay occurred less than one month after the date Plaintiff submitted proposed findings and conclusions to the SPB. *See* Doc. 34 at 2. Thus, little time passed between the SPB proceedings and the State Defendants' October 12, 2018 Motion to Dismiss, Doc. 16, which had the effect of staying activity in this case until the Court entered its June 7, 2019 Memorandum Opinion and Order, Doc. 30.

---

[4] The County Defendants' undue delay argument is more general: "To the extent Plaintiff claims that there is 'new evidence' to support the shocking new allegations against the County Defendants, it defies logic that new facts have come to light on an incident that occurred nearly four years ago, particularly evidence that implicates some sort of widespread police conspiracy." Doc. 33 at 3.

4

Further, the Court disagrees with the State Defendants' assertion that Rule 15 requires Plaintiff to demonstrate "good cause" to obtain leave to file the second amended complaint. *See* Doc. 34 at 1-2 ("Vigil further fails to provide any evidentiary basis to establish good cause to support the proffered allegations. Defendants also oppose the complaint because good cause does not exist under Rule 15 for leave to file the second amended complaint . . ."). Rule 15(a)(2), which governs amendments not allowed as a matter of course, does not require good cause. Instead, it requires the moving party to obtain the opposing party's written consent or the court's leave, and states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). It is when a party moves to amend a complaint *after the deadline the Court sets in its Rule 16 scheduling order*, that the party must meet the additional burden of establishing good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Here, the Court never issued a scheduling order because Defendants invoked the doctrine of qualified immunity in their Motion to Dismiss. Therefore, Rule 16's good cause requirement does not apply. Thus, while Defendants' timing arguments have some appeal, those arguments are inaccurately based on a good-cause requirement and do not convince the Court that it should preclude Plaintiff from amending his Complaint.

The County Defendants also ask the Court to apply a different legal standard than Rule 15's "when justice so requires" standard. Doc. 33 at 3. Specifically, they cite a series of cases concerning the amendment standard under 28 U.S.C. § 1447(e), which governs proposed amendments to add parties who would destroy diversity. *See Romero v. Hartford Cas. Ins. Co.*, No. 16-cv-1335, 2017 WL 8220447, at *4 (D.N.M. Aug. 3, 2017) (cited at Doc. 33 at 2). The cases specifically note that this standard differs from that under Rule 15(a). *Id.*

Moreover, considerations of unfair prejudice do not militate in favor of precluding Plaintiff from filing his proposed Second Amended Complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) ("The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."). Defendants stress the amount of time that has passed between the allegedly unconstitutional events and Plaintiff's request to amend, thus potentially prejudicing the collection of evidence with respect to past events. The Court recognizes that all of the searches at issue occurred approximately four years ago and that this makes it more difficult for Defendants to collect evidence. Nonetheless, although Defendants suffer some prejudice due to the delay in being able to investigate the specific allegations of planting and fabrication, this prejudice is mitigated by the fact that the searches, anonymous note, and defendants at issue in Plaintiff's proposed Second Amended Complaint are the same searches, anonymous note, and defendants at issue in Plaintiff's First Amended Complaint.

In addition, this case remains in its earliest stages. As set forth above, there has been no initial scheduling order and no discovery. Thus, this case does not present the situation where a plaintiff is attempting to pursue a new theory of liability after the defendants have already invested significant resources obtaining discovery related to some other theory the plaintiff initially set forth.

Nor is there any indication Plaintiff sat on the new allegations for tactical reasons. As set forth above, shortly after the SPB proceedings concluded (and before the SPB issued a decision) State Defendants filed a Motion to Dismiss that asserted qualified immunity and essentially stayed this matter. Within thirty days of the Court's Order on that Motion to Dismiss, Plaintiff

filed his Motion to Amend. Therefore, Plaintiff did not engage in conduct that turns considerations of "justice" against him.

The State Defendants additionally argue that amendment would be futile because (1) Plaintiff's proposed Second Amended Complaint does not meet federal pleading standards; (2) some claims are barred under the relevant statute of limitations; and (3) Defendants would have qualified immunity for many of the same reasons stated by the Court in its prior Order. Doc. 34 at 5-12. A court may deny a motion to amend on the basis of futility if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted. *Stewart v. Bd. of Cnty Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003). When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6). *Id.* However, "[t]he party opposing the proposed amendment bears the burden of establishing its futility." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Kan. 2014).

The State Defendants make a futility argument based largely on qualified immunity grounds—that Plaintiff has again not met his burden of showing that the defendants violated clearly established law. Doc. 34 at 10-11. Because amendments should be liberally granted under Rule 15, however, the Court finds that, at this stage, Plaintiff does not bear the burden of citing clearly established law. The Court would prefer to address the merit issues the State Defendants raise in their Response after the benefit of full briefing from both sides, rather than after the somewhat truncated arguments with respect to futility. Defendants may renew their qualified immunity arguments and any other dismissal arguments in a motion to dismiss Plaintiff's Second Amended Complaint.

## CONCLUSION

Plaintiff John Vigil's Motion For Leave To File Second Amended Complaint For Violation Of Civil Rights And Tort Claims, Doc. 31, is GRANTED. Plaintiff shall file his Second Amended Complaint (currently Doc. 31-1) separately on the docket within seven days of this Order.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent