IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**

    **Plaintiff,**

  **vs.**                                                                                      Civ. No. 18-829  SCY/JFR

**FRANCIS TWEED, ANTONIO COCA,
JOE CHAVEZ, NEW MEXICO DEPARTMENT
OF HEALTH, a political subdivision of the
New Mexico Department of Health, DEPUTY
SEAN ARMIJO, in his individual capacity as
a deputy employed by the San Miguel County
Sheriff's Office, UNDERSHERIFF ANTHONY
MADRID, in his individual capacity as a deputy
employed by the San Miguel County Sheriff's
Office, and the BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
SAN MIGUEL,**

    **Defendants.**

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions.  The Federal Rules of Civil Procedure, as amended, as well as the Local Civil Rules of the United States District Court for the District of New Mexico will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Thursday, October 17, 2019, t**o discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f).  The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR available at the Court's website, www.nmd.uscourts.gov.  The parties will fill in the proposed dates, bearing in mind that

the time allowed for discovery is generally 120 to 150 days from the date of the Rule 16 Initial Scheduling Conference. The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **Monday, October 28, 2019**.

Good cause must be shown and the Court's express and written approval obtained for any modification of the case management deadlines that the Court will establish at the scheduling conference.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) must be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 Initial Scheduling Conference will be held on **Thursday, November 7, 2019, at 3:00 p.m., in Magistrate Judge Robbenhaar's Chambers** at the Pete Domenici United States Courthouse, 333 Lomas Blvd., N.W., Suite 730, Albuquerque, New Mexico.[1] At the Rule 16 scheduling conference, counsel must be prepared to discuss initial disclosures; discovery needs and scheduling; the process for resolving discovery disputes;[2] all claims and defenses; the use of scientific evidence and whether a *Daubert*[3] hearing is needed; and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects

---

[1] The parties have the option of appearing telephonically by calling Judge Robbenhaar's **AT&T Conference line at 888-363-4735, Access Code 2387395,** to connect to the proceedings. Any party wishing to appear by telephone should inform chambers within twenty-four hours of the scheduling conference by calling (505) 348-2370 or emailing robbenhaarchambers@nmd.uscourts.gov.

[2] The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

and alternative dispute resolution possibilities.  Client attendance is not required.  All parties should review the Court's webpage at: https://www.nmd.uscourts.gov/content/honorable-john-f-robbenhaar, particularly noting the Procedures Tab and linked Guidelines for Proposed Protective Orders, Phone Conference Procedures and Procedures for Civil Discovery and Settlement Matters.

    Plaintiff shall serve a copy of this order on any parties that have been served but have not yet entered an appearance and shall file a certificate of service with the Court documenting such service.  Plaintiff shall serve a copy of this order on any parties not yet served along with the summons and complaint.

    **IT IS SO ORDERED.**

_____
JOHN F. ROBBENHAAR
United States Magistrate Judge