## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**

      **Plaintiff,**

**vs.**                                                    **Cause No. 18-CV 00829 SCY/JKR**

**FRANCIS TWEED,**
**ANTONIO COCA,**
**JOE CHAVEZ,**
**NEW MEXICO DEPARTMENT OF HEALTH,**
**a political subdivision of the New Mexico Department of Health,**
**DEPUTY SEAN ARMIJO, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**UNDERSHERIFF ANTHONY MADRID, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**DEPUTY ANTOINE WHITFIELD, in his individual capacity**
**as a deputy employed by the San Miguel County Sheriff's Office,**
**and the BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF SAN MIGUEL**

      **Defendants.**

## COUNTY DEFENDANT'S MOTION TO DISMISS

      **COME NOW** Defendants, Sean Armijo, Anthony Madrid Antoine Whitfield, and the

Board of County Commissioners of the County of San Miguel ("County Defendants"), by and

through their attorneys of record, Brennan & Sullivan, P.A., pursuant to Fed. R. Civ. P. 12(B)(6)

states as follows:

### I.      INTRODUCTION

      **Counsel for Plaintiff has been contacted and opposes this motion.**

      This litigation arises out of the arrest and criminal prosecution of Plaintiff in 2015.  The

San Miguel County Sheriff's Department was called out to investigate possible criminal conduct

1

of Plaintiff Vigil.  Deputy Armijo responded and was advised that Mr. Vigil's supervisors had received an anonymous note accusing Mr. Vigil of the theft and possession.  As a result, his supervisors opened his locked work desk and found various bottles of pills and cash that was believed to belong to NMBHI clients.

After receiving this information from Mr. Vigil's supervisors, Deputy Armijo drafted an affidavit for search warrant.  The application for the warrant was granted and Deputy Armijo returned to NMBHI to conduct a more thorough search and inventory the items found.

A week or so later, the Sheriff's Department was contacted again as another anonymous note had been received by Mr. Vigil's supervisors. When Undersheriff Anthony Madrid responded, he was informed that this note contained additional allegations that Mr. Vigil had contraband hidden in a workplace locker.  The lock from Plaintiff's locker had already been removed by NMBHI personnel and incriminating items had been discovered, specifically hydrocodone tablets stored in an empty vitamin bottle.  Based on this information, Undersheriff Madrid saw requested another search warrant.  This, too, was granted and Madrid and Deputy Antoine Whitfield inventoried the hydrocodone found inside.  Madrid then filed an Affidavit for Arrest.

A probable cause hearing was conducted and the matter was bound over from Magistrate Court to District Court.  Mr. Vigil was charged with one count of possession of a controlled substance (felony), possession of dangerous drugs (felony), and misdemeanor possession.  The misdemeanor charge was dismissed. During the criminal proceedings against Vigil, his criminal defense attorney filed a Motion to Suppress the evidence found in the desk and locker.  The District

Court denied the Motion to Suppress and stated that Vigil had no expectation of privacy at work. After trial, a jury acquitted Mr. Vigil of the two felony charges.

In this litigation, Plaintiff asserts the following claims against the County Defendants: unlawful search and seizure arising out of the United States Constitution and New Mexico Constitution (Counts I and II), malicious prosecution (Count III), and respondeat superior for tort claims (Count VII). None of these claims are viable. The federal claims lack the specificity required for federal pleadings. Regardless, Counts I and II fail due to the trial court's decision on the constitutionality of the NMBHI searches and Count III fails because probable cause has been conclusively established by the magistrate court. Accordingly, as there are no feasible underlying claims, the derivative respondeat superior claims asserted in Count VII also miss the mark.

## II.    STATEMENT OF PERTINENT ALLEGATIONS IN THE COMPLAINT AND OTHER PERTINENT PLEADINGS

1. Plaintiff claims that various NMBHI employees received an anonymous note in which Plaintiff was accused of illegally storing narcotics, cash, and patients' medications in his workplace desk and workplace locker. Pl.'s Sec. Am. Compl., [Doc. 38] ¶¶ 18, 19, 31, 33.

2. NMBHI employees are alleged to have opened Plaintiff's workplace desk and locker, in which they found the narcotics and cash. Pl.'s Sec. Am. Compl., [Doc. 38] ¶¶ 20, 22, 23, 24, 25, 34.

3. NMBHI employees are alleged to have contacted the sheriff's department regarding the note and the results of their searches. Sheriff's department deputies allegedly then obtained search warrants for the desk and lockers. Pl.'s Sec. Am. Compl., [Doc. 38] ¶¶

26, 27, 28, 29, 39, 42, 43.

4.  Plaintiff was criminally prosecuted for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and felony selling/possessing dangerous drugs.  Pl.'s Sec. Am. Compl., [Doc. 38] ¶ 52.

5.  On October 21, 2015, the magistrate court held a preliminary hearing. Plaintiff appeared via his criminal defense counsel, Paul Kennedy and Elizabeth A. Farrington.  Magistrate Judge Christian Montano specifically found probable cause and issued a Bind-Over Order.  *See* Bind-Over Order, Oct. 21, 2015, attached hereto as **Ex. A**.

6.  On April 25, 2016, Plaintiff, again via his criminal defense counsel, filed a Motion to Suppress seeking to suppress the information obtained from NMBHI's searches of his workplace areas.  The State filed a response, Plaintiff filed a reply, the State filed a surreply and additional memorandum brief, and Plaintiff filed a supplementary memorandum brief in support of his motion to suppress. *See* Mot. to Suppress pleadings, collectively attached hereto as **Ex. B.**

7.  An oral argument was held on June 10, 2016 and testimony was heard from Anthony Madrid, Frances Tweed, Joseph Chavez, Jessie Montoya on the motion to suppress issue. *See* Court minutes, attached hereto as **Ex. C**.

8.  The Fourth Judicial District Court via Judge Matthew J. Sandoval denied Plaintiff's motion to suppress and specifically held that the searches of Plaintiff's desk and lockers were constitutional.  *See* Order Denying, Aug. 25, 2016, attached hereto as **Ex. D**.

9.  Plaintiff went to trial and was acquitted of two of the three charges.  The third charge was dismissed. Pl.'s Sec. Am. Compl., [Doc. 38] ¶¶ 56.

10. Plaintiff asserts unlawful search and seizure in violation of the 4th Amendment of the

    U.S. Constitution in Count I, unlawful search and seizure in violation of the New Mexico

    Constitution in Count II, Fourth Amendment Malicious Prosecution in Count III, and

    respondeat superior claims in Count VIII against County Defendants.  Pl.'s Sec. Am.

    Compl., [Doc. 38] Counts I, II, III, and VII.

### III.    LEGAL STANDARD

The Tenth Circuit Court of Appeals has described the legal standard for evaluating a

motion to dismiss under Rule 12(b)(6) as follows:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v.
> Iqbal*, U.S., 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl.
> Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
> "[W]e assume the factual allegations are true and ask whether it is plausible that the
> plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.
> 2009). "[T]he tenet that a court must accept as true all of the allegations contained
> in a complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do not
> suffice." *Iqbal,* 129 S. Ct. at 1949.

*Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. N.M. 2010).  To survive a motion to dismiss, a

complaint must contain enough allegations of fact to state a claim to relief that is plausible on its

face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Bell Atlantic Corp. v.

Twombly*, 127 S. Ct. 1955, 1974 (2007). When, such as in the present case, the defense of collateral

estoppel is raised in a motion to dismiss, a party may request the court take judicial notice of

additional documents filed of record in the prior case.  *Mayer v. Bernalillo Cty*, No. CIV 18-0666

JB/SCY (D. N.M. Jan. 8, 2019) 2019 U.S. Dist. LEXIS 3555, *74-75, 2019 WL 130580, citing

*Merswin v. Williams Cos.*, 364 Fed. Appx. 438, 2010 WL 373672, *2 (10th Cir. 2010).

## IV.    ARGUMENT

**A.  FEDERAL CLAIMS ASSERTED AGAINST COUNTY DEFENDANTS IN PLAINTIFF'S SECOND AMENDED COMPLAINT MUST BE DISMISSED AS IT FAILS TO PROPERLY IDENTIFY THE DIRECT AND PERSONAL INVOLVEMENT OF EACH INDIVIDUAL SHERIFF'S DEPUTY.**

Count I and III of Plaintiff's Second Amended Complaint assert federal civil rights claims against a litany of defendants.  Count I alleges Fourth Amendment violations for "planting evidence, fabricating evidence, and otherwise fabricating claims that Plaintiff broke the law as well as the decision to forward that information to the prosecutor's office" and generally states that unidentified defendants searched Plaintiff's desk and lockers in violation of the Fourth Amendment.  [Doc. 38, ¶¶ 60, 62]  Count III of the Second Amended Complaint asserted a federal malicious abuse of process claim brought pursuant to § 1983 against all defendants collectively for "false claims, planted evidence."  [Doc. 38, ¶ 104] Plaintiff, however, fails to identify which sheriff's deputy defendant is alleged to have committed the supposed violation.

Plaintiff's Complaint asserts blanket allegations against "defendants" which are insufficient to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  The plausibility standard requires "not only 'fair notice' of the nature of the claim, but the 'grounds' on which the claim rests." *Id.* at 555 n.3.

The plausibility pleading requirement is "particularly important" when a complaint asserts constitutional rights violations. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n.10). To state a claim in federal court, a plaintiff's "complaint must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Moreover, it is well established that liability for constitutional rights violations arises when a defendant's direct and personal responsibility for the claimed deprivation is established. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)). Thus, with respect to the federal constitutional claims, Plaintiff's Complaint is particularly deficient.

Here, Counts I and III of the Second Amended Complaint assert claims against all defendants collectively; it does not state who is alleged to have done what to give rise to a constitutional violation. This is particularly egregious as Plaintiff's former co-workers are lumped together with the sheriff's deputies, making it nearly impossible to discern which alleged bad acts can be attributed to whom.

**B. EVEN ASSUMING THAT PLAINTIFF INTENDS TO ASSERT CLAIMS AGAINST THE SHERIFF'S DEPUTIES FOR IMPROPER SEARCH OF HIS WORKPLACE, HIS CLAIMS BROUGHT IN COUNT I AND COUNT II ARE LEGALLY ESTOPPED DUE TO ISSUE PRECLUSION.**

Even if a broad reading is applied to the claims made in Plaintiff's Second Amended Complaint, it nevertheless fails due to issue preclusion. The gravamen of Plaintiff's complaint against the sheriff's deputies is that they used the fruits of an allegedly illegal searches conducted by NMBHI Defendants to justify their applications for search warrants. See Sec. Am. Compl., ¶¶ 46, 47, 49, 51. However, the state court definitively ruled that NMBHI's searches of Plaintiff's workplace areas was constitutional.

Issue preclusion, also called "collateral estoppel," prevents Plaintiff's reassertion of already litigated matters from his state court proceedings. Whether the doctrine of collateral estoppel should be applied is within the trial court's discretion, and the exercise of discretion is only reviewed for an abuse of discretion. *Mayer v. Bernalillo County*, No. CIV 18-0666 JB/SCY (D. N.M. Jan. 8, 2019), 2019 WL 130580, 2019 U.S. Dist. LEXIS 3555, *60, citing *Hartnett . Papa John's Pizza USA, Inc.*, 628 F. Supp. 2d 1066, 1286 (D. N.M. 2012); *Shovelin v. Cent. N. M. Elec. Coop., Inc.*, 1993-NMSC-015, ¶ 14.

A federal civil rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state court criminal judgment, so long as he had a full a fair opportunity to litigate the issue at the state criminal proceedings. *Cook v. Aagard*, 547 Fed. Appx. 857, 859 (10th Cir. 2013)(unpublished), citing *Allen v. McCurry*, 449 U.S 90, 104-05 (1980). The preclusive effect in federal court of a state judgment is governed by a state's preclusion rules. *Id*. citing *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).

There is very little difference between federal and New Mexico state law on the elements of issue preclusion and New Mexico courts have relied on federal precedent when interpreting issue preclusion matters. *DeFlon v. Sawyers*, 2006-NMSC-025, ¶ 13. For a matter to be collaterally estopped, the issue must have been actually litigated and necessarily determined or actually and necessarily decided, such that the party against whom collateral estoppel is sought had a full and fair opportunity to litigate the issue in the prior action. *Id*. ¶ 14.

The Tenth Circuit in *Cook v. Aagard*, 547 Fed. Appx. 857 (10th 2013), provides guidance on this principle with a similar factual scenario. In that case, Cook was charged with drug possession, drug paraphernalia, and interfering with a lawful arrest. *Id*. at 857. Cook filed a motion

to suppress, arguing that the police officer lacked probable cause, omitted material facts from the search warrant affidavit, and improperly catheterized him to obtain a urine sample. *Id*. The state court denied the motion to suppress, ruling that there was sufficient probable cause to support Cook's arrest, detention, and search and that Cook's rights were not violated with respect to the catherization as there as evidence that he had consented to the procedure. *Id*. The state court later dismissed the criminal charges after Cook met agreed-upon deadlines. *Id*. Cook then filed a § 1983 action against the police officer, alleging civil rights violations arising out of the arrest. *Id*.

The Tenth Circuit applied the doctrine of issue preclusion, as the state court had addressed Cook's concerns in full when deciding the motion to suppress. *Id*. at 859. It reasoned, "the constitutional issues in Cook's criminal proceedings were litigated in an evidentiary hearing at which was represented by counsel, and had the right and opportunity to testify, present evidence, call and cross-examine witnesses, and appeal the court's ruling." *Id*. Even though Cook's criminal case was ultimately dismissed, the state court ruling still resulted in issue preclusion as it ruled on the merits of the constitutional issues presented, based on the relevant law applied to the facts of the claims. *Id*. at 860.

The *Cook* opinion is very similar to the case at hand. In the criminal proceedings against Plaintiff, the trial court was presented with a motion to suppress in which Plaintiff argued that the NMBHI searches of his workspaces were unconstitutional and that the deputies' subsequent searches were likewise unconstitutional. Plaintiff, via his criminal defense attorney, and the State filed multiple briefs on the subject and a lengthy evidentiary hearing was held. The Court ultimately denied the motion to suppress, finding that Vigil had no subjective expectation of privacy in his workplaces and the NMBHI searches were reasonable. Importantly, the Court held,

"The BHI searches … did not violate the Fourth Amendment or Article II, Section 10 of the New Mexico Constitution."  In the present action, Plaintiff attempts to relitigate the decision of the state court by asserting 4th Amendment and New Mexico constitutional claims arising out of the identical searches.  As the issues are identical and Plaintiff had a full and fair opportunity to litigate the constitutionality of the searches in state court, Plaintiff is collaterally estopped from calling the state court's decision into question in the present case.

Plaintiff may argue that he had no full and fair opportunity to appeal the state court's decision as he was ultimately acquitted of the criminal charges.  This, however, is immaterial to the outcome.  Plaintiff could have sought interlocutory appeal pursuant to NMSA § 39-3-3(A)(3), which he declined to do.  But, more importantly, the inquiry is not whether appeals have been exhausted but rather whether there was a substantive ruling on the merits of the constitutional issues presented based on relevant law applied to the facts.  *Cook v. Aagard*, 547 Fed. Appx. 857, 860 (10th Cir. 2013).

The concept of "full and fair opportunity" is discussed in *Shovelin v. Central New Mexico Electric Cooperative, Inc.*, 1993-NMSC-015.  In making a determination whether a party had a "full and fair opportunity" to litigate the issue, countervailing factors such as the incentive for vigorous prosecution or defense in the prior litigation, procedural differences between the prior and current litigation, including the presence or absence of a jury, and the possibility of inconsistent verdicts are considered.  *Id.* ¶ 15.  In *Shovelin*, the Supreme Court found the procedural differences between the "informal process" of unemployment compensation hearings, which are held telephonically before a non-lawyer hearing officer without the benefit of the rules of evidence, rules of procedure, or discovery, to be a far cry from full-fledged courtroom litigation.  *Id.* * 19

Likewise, in *Mayer v. Bernalillo County*, No. CIV 18-0666 JB/SCY (D. N.M. Jan. 8, 2019), 2019 WL 1305808, 2019 U.S. Dist. LEXIS 3555, a final judgment is one where "all issues of law and fact have been determined and case disposed of by the trial court to the fullest extent possible." *Id*. at *117, quoting *Exec. Sports Club, Inc. v. First Plaza Tr.*, 1998-NMSC-008, ¶ 5.

In the present case, the "full and fair opportunity" prong is met. Plaintiff had a compelling incentive to vigorously contest the evidence gathered at his workplace searches to defend against his felony charges. There are few material procedural differences, as both the state court matter and the current litigation are briefed and argued by counsel to competent courts using the rules of procedure, rules of evidence, and after completion of discovery. Finally, should collateral estoppel *not* be applied, there remains a threat of an inconsistent decision on the constitutionality of the NMBHI searches.

Plaintiff's claims against the sheriff's deputies are wholly premised on the supposed illegality of the NMBHI searches. As the state court definitely held that the NMBHI searches were constitutional, Plaintiff's current assertions against the deputies for wrongfully relying on these searches are unsupportable as a matter of law. Accordingly, Counts I and II of the Second Amended Complaint ought to be dismissed pursuant to the doctrine of issue preclusion/collateral estoppel.

C. **THE MAGISTRATE JUDGE'S BIND-OVER ORDER ELIMINATES PLAINTIFF'S FEDERAL MALICIOUS ABUSE OF PROCESS CLAIMS, AS PROBABLE CAUSE HAS BEEN DEFINITIVELY DECIDED.**

Count III of Plaintiff's Second Amended Complaint asserts malicious abuse of process claims against County Defendants. This claim, however, is untenable as probable cause was established to pursue criminal charges.

Under 10th Circuit law and New Mexico state law on malicious abuse of process, a Magistrate Court's bind-over order definitively establishes probable cause.  In *Angel v. Torrance County Sheriff's Department*, No. CIV 04-195 BB/WPL, (D. N.M. Aug. 23, 2005), 2005 U.S. Dist. LEXIS 49162, the District of New Mexico addressed this issue head-on.

In *Angel*, plaintiff's civil suit stemmed from his arrest pursuant to an affidavit from the Torrance County Sheriff's Department alleging that he was involved in narcotics trafficking.  *Id*. *2-3.  A magistrate judge conducted a preliminary hearing, and executed a Bind-Over Order, in which the Court made a finding of probable cause.  *Id*. at 7.  Despite the Bind-Over Order, the State eventually filed a *Nolle Prosequi*.  *Id.* at 3.  Plaintiff brought federal civil rights claims, as well as a state malicious abuse of process claim, asserting that he was arrested without probable cause. *Id.* The Court in *Angel* reasoned that issue preclusion definitively prevented the plaintiff from re-litigating the issue of probable cause.  *Id* at *8. As a result, Judge Black concluded that the plaintiff's malicious prosecution claims failed.  *Id*. at *8, *14.

The ruling in *Angel* has been upheld by the District of New Mexico in *Ysasi v. Brown*, 3 F. Supp. 3d 1088 (D. N.M. 2014).   The plaintiff in that case asserted an abuse of process claim stemming from an arrest.  *Id* 1106.  However, just like the plaintiff in *Angel*, a magistrate court had conducted a preliminary hearing and determined that there was probable cause.  *Id.* 1160. Judge Browning concluded, "…collateral estoppel bars the relitigation of probable cause issue…." *Id*. at 1165.  And, to the extent Plaintiff makes a claim on retaliatory prosecution grounds, that claim, too, would fall by the wayside due to the establishment of probable cause.  *See Hartman v. Moore*, 547 U.S. 250, 257, 126 S. Ct. 1695, 1702 (2009)("In an action for malicious prosecution after an acquittal, a plaintiff must show that the criminal action was begun without probable cause

for charging the crime in the first place; …retaliatory prosecution under *Bivens* as a close cousin of malicious prosecution under common law, making the latter's no-probable-cause requirement a natural feature of the constitutional tort.")

The same analysis is conducted in state malicious abuse of process cases.  In *Weststar Mortgage Corp. v. Jackson*, 2003-NMSC-002, "The fact that a plaintiff has been bound over for trial on the criminal matter constitutes prima facie evidence of the existence of probable cause for the detention." *Id*. ¶ 18, citing *Roberts v. Goodner's Wholesale Foods, Inc.*, 50 P.3d 1149 (Okla. Ct. App. 2002); *Christopher v. Circle K Convenience Stores, Inc.*, 937 P.2d 77, 79 (Okla. 1997). As the lack of probable cause is an essential element for plaintiff to prove his claim, the New Mexico Supreme Court held that plaintiff's malicious abuse of process claim failed.  *Id*. ¶ 26.

Count III of Plaintiff's Second Amended Complaint must meet the same fate.  In this case, a preliminary examination was conducted in the criminal case against Plaintiff.  *See* Bind-Over Order, attached hereto as **Ex. A**.  On October 21, 2015, Plaintiff appeared via his criminal defense counsel, Joseph Kennedy, and an examination was conducted.  Magistrate Judge Christian Montano specifically found probable cause and issued a Bind-Over Order.  Given these facts, Plaintiff is collaterally estopped from questioning probable cause in this case. Accordingly, Plaintiff's malicious abuse of process cannot proceed as he cannot show an essential element of this claim.

### D.  AS THE UNDERLYING CLAIMS IN PLAINTIFF'S COMPLAINT FAIL, SO MUST THE RESPONDEAT SUPERIOR CLAIM ASSERTED IN COUNT VII.

Count VII of Plaintiff's Second Amended Complaint asserts respondeat superior for tort claims.  The New Mexico Tort Claims Act essentially provides that a governmental entity may be vicariously liable for the acts of its employee.  See NMSA §41-4-4(D)(1).  The Act specifically

provides that a governmental entity shall pay any final judgment entered against a public employee for any tort committed by the public employee while acting within the scope of his duty.  See NMSA §41-4-4(D)(1).  However, as explained above, Plaintiff's claims against the individually-named sheriff's deputies fail due to collateral estoppel and established probable cause.  If liability cannot attach to the sheriff's deputies, it is axiomatic that vicarious liability cannot attach to Defendant Board of County Commissioners for San Miguel County.  As such, Plaintiff's claims against Defendant County must fail.

## V.    CONCLUSION

All of Plaintiff's claims against the County Defendants fall short.  While the entirety of Plaintiff's Second Amended Complaint does not meet federal pleading standards, even if the claims were read generously, they would still fail.  This is because the decision of the trial court has collaterally estopped Plaintiff from relitigating the NMBHI searches, which is fatal to Counts I and II.  Similarly, probable cause has been conclusively established due to the magistrate's bind-over, which is fatal to Count III.  Because there are no underlying claims, the respondeat superior claim asserted in Count VII also falls by the wayside.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By:    */s/ Christina L. G. Brennan*
       Christina L. G. Brennan
       James P. Sullivan
       128 East DeVargas
       Santa Fe, New Mexico 87501
       (505) 995-8514
       christina@brennsull.com
       jamie@brennsull.com
       *Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of December 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joe M. Romero, Jr.
Romero & Winder, P.C.
1905 Lomas, Blvd., NW
Albuquerque, NM  87104
505-843-9776
joe@romeroandwinder.com
*Attorneys for Plaintiff*

Mark Komer, Esq.
Long, Komer & Associates, P.A.
Post Office Box 5098
Santa Fe, NM  87502-5098
505-982-8405
mark@longkomer.com
*Attorneys for Defendants Frances Tweed,*
*Corrine Dominguez, Antonio Coca, Joe Chavez,*
*and New Mexico Department of Health*

By:   */s/ Christina L. G. Brennan*
        Christina L. G. Brennan