# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

    **Plaintiff,**

vs.                                                        Cause No. 18-CV 00829 SCY/JFR

FRANCIS TWEED,
ANTONIO COCA,
JOE CHAVEZ,
NEW MEXICO DEPARTMENT OF HEALTH,
a political subdivision of the New Mexico Department of Health,
DEPUTY SEAN ARMIJO, in his individual capacity
as a deputy employed by the San Miguel County Sheriff's Office,
UNDERSHERIFF ANTHONY MADRID, in his individual capacity
as a deputy employed by the San Miguel County Sheriff's Office,
DEPUTY ANTOINE WHITFIELD, in his individual capacity
as a deputy employed by the San Miguel County Sheriff's Office,
and the BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SAN MIGUEL

    **Defendants.**

## COUNTY DEFENDANTS' REPLY
## IN SUPPORT OF THEIR MOTION TO DISMISS

**COME NOW** Defendants, Sean Armijo, Anthony Madrid, Antoine Whitfield, and the Board of County Commissioners of the County of San Miguel ("County Defendants"), by and through their attorneys of record, Brennan & Sullivan, P.A., pursuant to Fed. R. Civ. P. 12(B)(6) states as follows:

### I.     ARGUMENT

**a. Plaintiff's Complaint remains insufficiently vague.**

Plaintiffs have not adequately pled their claims against the County Defendants. The law is clear that, particularly in the context of a § 1983 claim, it is essential that a complaint make clear

exactly **who** is alleged to have done **what** to **whom**. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970-71 n. 10 (2007). Plaintiffs' Complaint simply lumps all defendants together, both law enforcement and civilian defendants, making it neigh impossible to discern who is claimed to have committed what misconduct.

Plaintiff's response briefing exemplifies this improper vagueness. The Second Amended Complaint continually makes impermissible blanket allegations against "Frances Tweed, Corrine Dominguez, Antonio Coca, Joe Chavez, Deputy Sean Armijo, Undersheriff Anthony Madrid, **and/or** Deputy Whitfield." *See* Sec. Am. Compl, ¶¶ 102, 104, 105, 106, 107, 113, 114, 115. This does not identify who did what: it merely says that any one person or any combination of those persons may have committed a violation and any one or any combination of those persons may have proximately caused damages. As pointed out by NMBHI Defendants in their Motion for Judgment on the Pleadings, Doc. 50, *Twombly* and *Iqbal* require "more than a sheer possibility" of unlawful conduct. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011); *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint is nothing more than evasive and conclusory statements that fall far short of federal standards.

Another example of an impermissibly conclusory pleading can be seen in Count I of the Second Amended Complaint. In Count I, for unlawful search and seizure, it asserts that Plaintiff "had a right to a reasonable expectation that evidence of a crime would not be planted" and that "planting evidence, fabricating evidence, and otherwise fabricating claims that Plaintiff broke the law… violated Plaintiff's rights," and that searches of Plaintiff's desk and lockers violated his constitutional rights. *See* Sec. Am. Compl., Doc. 38, ¶¶ 59, 60, 62. While ostensibly directed

toward "defendants" collectively, there is no claim in the Complaint that Deputy Armijo, Undersheriff Anthony Madrid, or Deputy Whitfield planted evidence, fabricated evidence, or fabricated claims.

This is particularly so for Deputy Whitfield, the only allegation that refers to him personally is that he obtained and executed a search warrant together with Undersheriff Madrid. Sec. Am. Compl., ¶ 42. There are no further explanations of Deputy Whitfield's individual participation or how his actions, whatever they may be, led to a violation of a claimed right.

To the extent Plaintiff requests yet another leave of Court to amend, this ought to be rejected. As set forth in County Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint filed July 23, 2019, Doc. 33, and reasserted herein, such an amendment would be unduly dilatory and prejudicial, particularly considering the underlying actions occurred in 2015.

**b. The District Court's decision definitively established the constitutionality of the workplace searches such that Counts I and II of the Complaint fail as a matter of law.**

Plaintiff's response does not address the extensive litigation concerning the workplace searches conducted by the District Court in the underlying criminal case. As explained in Defendants' motion, the search of Plaintiff's work areas was deemed to have been constitutional by written opinion of the Fourth Judicial District Court after extensive briefing, oral argument, and presentation of witness testimony. *See* County Defs.' Mot. to Dismiss, Ex. B, C, D. Accordingly, Plaintiff is prevented from attempting to relitigate this issue.

While *Cook v. Aagard*, 547 Fed. Appx. 857, 859 (10th Cir. 2013) discussed in Defendants' moving papers provides an analysis in a near-identical factual scenario to the case at hand, the

*Angel v. Torrance County Sheriff's Department* case does as well. In *Angel*, the plaintiff was arrested for suspected narcotics trafficking but, after a magistrate court found probable cause and bound him over for trial, the State filed a nolle prosequi. *Angel v. Torrance County Sheriff's Dep't*, No. CIV 04-195 BB/WPL (D. N.M. Aug. 23, 2005), 2005 U.S. Dist. LEXIS 49162. The plaintiff then filed a § 1983 action which contested probable cause.

The *Angel* Court, relying on well-established law, reasoned "collateral estoppel bars the re-litigation in a § 1983 civil action of any issue previously determined in a state-court criminal case, as long as the plaintiff had a 'full and fair opportunity' to litigate the issue in the state-court proceeding." *Id*. *8. Because the magistrate court had held an evidentiary hearing, with witnesses testifying under oath and being available for cross-examination, United States District Judge Black determined that the plaintiff had had a "full and fair opportunity" to litigate probable cause such that "both Tenth Circuit and New Mexico precedent support the issuance of summary judgment based on issue preclusion." *Id*. *9, citing *Franklin v. Thompson*, 981 F.2d 1168 (10th Cir. 1992); *Oldfield v. Benavidez*, 1994-NMSC-006. The Tenth Circuit conducted a *de novo* review and affirmed. *Angel v. Torrance County Sheriff's Dep't.,* 183 Fed. Appx. 707, 709 (10th Cir. 2006).

Likewise, in the present case Plaintiff is precluded from relitigating the constitutionality of the desk and locker searches. He, via his team of criminal defense attorneys, vigorously litigated the issue in State District Court, filing multiple legal briefs and presenting and examining witnesses. This is a marked contrast from *Herrera v. Garcia*, 1:16-CV-01366 LF-JHR (D. N.M. Jan. 18, 2018), in which there was no evidence presented that any witness examination or fact-finding had occurred. Here, the State District Court provided substantive ruling on the merits as to the constitutionality of the searches such that it ought to be given preclusive effect, regardless of

4

Plaintiff's ability to appeal. *Cook v. Aagard*, 547 Fed. Appx. 857, 860 (10th Cir. 2013). Indeed, law in New Mexico does not require that an ability to appeal a decision is a requirement for finality under the collateral estoppel doctrine. *Rowley v. Morant*, No. 10-CV-1182 WJ/GBW (D. N.M. July 14, 2014), 2014 U.S. Dist. LEXIS 186534; citing *Albuquerque Police Dep't v. Martinez*, 1995-NMCA-088.

### c. Probable cause cannot be relitigated, given the criminal proceedings below.

Plaintiff complains that probable cause has not been established, despite the bind-over order. However, in light of compelling federal law on this issue, as well as the extensive criminal proceedings, probable cause has already been decided as a matter of law.

As explained via the *Angel* case, above, as well as in *Ysasi v. Brown*, 3 F. Supp. 3d 1088 (D. N.M. 2014), the New Mexico Supreme Court treats a magistrate's finding of probable cause as *prima facie* evidence that probable cause existed for an arrest. This is also acknowledged in Judge Fashing's order in *Herrera v. Garcia*, supra. And, given the Tenth Circuit's affirmation in *Angel v. Torrance County Sheriff's Dep't.*, 183 Fed. Appx. 707, 709 (10th Cir. 2006), collateral estoppel ought to apply in this situation.

Plaintiff mistakenly relies on *Dixon v. Richer*, 922 F.2d 1456 (10th Cir. 1991) to support his position. The *Dixon* opinion relied upon Colorado law, not New Mexico law. It was deemed not controlling in *Rowley v. Morant*, No. 10CV1182 WJ/GBW, (D. N.M. July 14, 2014), 2014 U.S. Dist. LEXIS 186534, because "the preclusive effect of a state court judgment is ultimately defined by state law." *Id*. *14 - *15 (aff'd on other grounds, *Rowley v. Morant*, 631 Fed. Appx. 651 (10th Cir. 2015). As *Dixon* was not an analysis of New Mexico law, it is not controlling in the instant case.

5

While it is unfortunate that the full extent of the Magistrate Court's record of the preliminary hearing and bind-over is unknown as the Magistrate Court only retained records until 2017 and the Complaint was first filed in April 2018, it is undisputed that the criminal matter was well-litigated through trial in the Fourth Judicial District Court. Probable cause has been established as a matter of law and Plaintiff is foreclosed from attacking the state court decisions in the present action. Given that all parties agree that probable cause extinguishes malicious abuse of process claims, Count III of the Complaint must be dismissed as legally untenable. And, because there are no underlying tort claims to confer liability, Count VI's respondeat superior claim fails as well.

## II. CONCLUSION

The entirety of Plaintiff's Complaint against the County Defendants fails. Not only does the Second Amended Complaint fall short of federal pleading standards, the decision of the Fourth Judicial District on the constitutionality of the searches as well as the determination of probable cause is fatal to all asserted claims. County Defendants, accordingly, request that Plaintiff's Complaint be dismissed with prejudice and for all other relief deemed just.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Christina L. G. Brennan*
Christina L. G. Brennan
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
Christina@brennsull.com
Jamie@brennsull.com
*Attorneys for County Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of January 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joe M. Romero, Jr.
Romero & Winder, P.C.
1905 Lomas, Blvd., NW
Albuquerque, NM 87104
505-843-9776
joe@romeroandwinder.com
*Attorneys for Plaintiff*

Mark Komer, Esq.
Long, Komer & Associates, P.A.
Post Office Box 5098
Santa Fe, NM 87502-5098
505-982-8405
mark@longkomer.com
*Attorneys for Defendants Frances Tweed,*
*Corrine Dominguez, Antonio Coca, Joe Chavez,*
*and New Mexico Department of Health*

                        By:    */s/ Christina L. G. Brennan*
                                Christina L. G. Brennan