# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Steven C. Yarbrough
## United States Magistrate Judge

### Clerk's Minutes

*Vigil v. Tweed et al.*, No. 18cv829 SCY/JFR

Wednesday, May 20, 2020, at 9:30 a.m.

Recording: FTR ABQ-MJ 6th Floor North

**PLAINTIFFS' ATTORNEY PRESENT:**     Joe M. Romero, Jr.

**STATE DEFENDANTS' ATTORNEY PRESENT:**     Mark E. Komer

**COUNTY DEFENDANTS' ATTORNEY PRESENT:**     Christina L. Brennan

**FOR THE DEPARTMENT OF HEALTH:**     Jessie Tremaine

**TYPE OF PROCEEDING:** Motion hearing
Total Time – 2 hours, 11 minutes

**COURT'S NOTES/RULINGS:**

| Time | Notes |
|---|---|
| 9:30 am | Off the record, the Court discusses the procedures for the telephonic hearing. |
| 9:38 am | The Court goes on the record and the parties enter their appearances. |
| 9:39 am | Mr. Komer argues in support of the State Defendants' Motion for Judgment on the Pleadings (Doc. 50). He argues that Plaintiff has conceded that the First Amendment Claim is not viable. He argues that the NM Tort Claims Act does not permit state constitutional claims against state actors. He argues that any negligence claim is untimely, as the NMTCA has a two-year statute of limitations and the complaint was filed more than two years after the initial search. In addition, there is no allegation of a timely notice of claim. The relevant waiver is for negligence and Plaintiff has not pled a negligence claim. |
| 9:43 am | The Court inquires about the First Amendment Claim. Mr. Komer agrees the Court can examine the allegations in the Second Amended Complaint, even if Plaintiff does not make any arguments in defense of them, but that they are the same as the ones dismissed from the First Amended Complaint. The Court asks about paragraphs that have been added regarding speech on a matter of |

1

| | |
|---|---|
| | public concern. Mr. Komer agrees the Second Amended Complaint describes the allegations in more detail, but it does not matter because Plaintiff was making internal complaints to his supervisors, he wasn't speaking out publicly. |
| 9:53 am | The Court and Mr. Komer discuss the state law claims. There is no allegation of negligence, and the damages don't fall within the waiver. The Court inquires whether Plaintiff alleges property damage. Mr. Komer does not think the Second Amended Complaint ("SAC") states a claim for the lock, and a lock being cut is not an act of negligence. |
| 10:02 am | Mr. Komer argues in support of qualified immunity on the constitutional claims. He argues that the Second Amended Complaint makes collective allegations, and does not sufficiently describe which individual fabricated the first anonymous note. In addition, some of the substance indicated in the notes turned out to be true. Is it a constitutional violation to write a note that turns out to be true? The SAC only alleges the second note was fabricated, in the passive voice. |
| 10:12 am | Mr. Komer discusses whether the allegations state a claim against the defendants collectively under the Fourth Amendment. He argues that the SAC does not allege that the defendants were acting under the color of law. The Court and Mr. Komer discuss the distinction between the allegations against the supervisors and the employees. Mr. Komer addresses the malicious prosecution claim, which the Plaintiff previously conceded he was not bringing against the State Defendants. |
| 10:30 am | Mr. Komer addresses the question of collateral estoppel. |
| 10:37 am | The Court addresses whether the prosecution was premised on controlled substances other than the allegedly planted substance. |
| 10:44 am | Mr. Romero argues in opposition to the motion. He addresses the allegation of conspiracy and malicious prosecution claim. |
| 10:54 am | The Court inquires about the details of the conspiracy allegations. Mr. Romero clarifies that the claim is a failure to investigate and inaction in the face of the State Defendants' plans to harm Plaintiff. The Country Defendants omitted information from the arrest warrants. The County Defendants conspired with the State Defendants before the search warrants were issued. With respect to the state claims, Plaintiff cites *Risk Management v. McBriar*—negligent operation of a building for the intentional bad acts of an employee is within the NMTCA waiver. |
| 11:02 am | Mr. Komer addresses the NMTCA argument. He argues that Plaintiff's claims may state private rights of action against the individuals, such as defamation, but that is not what the SAC brings. |
| 11:06 am | Ms. Brennan addresses the County Defendants' motion to dismiss (Doc. 49). The deputies could not have conspired to plant evidence because by the time they were involved, the notes were already received and Plaintiff's desk was already open. The allegations of failure to investigate are insufficient because the State Defendants' searches were constitutional. Therefore, the subsequent searches are not fruit of the poisonous tree. The Court inquires about whether the state court's order applies to the allegations against the County Defendants. Ms. Brennan argues that if the State Defendants' actions were constitutional, |

| | |
|---|---|
| | there is probable cause for all the County Defendants' actions. Ms. Brennan addresses the negligent investigation claim, and why these allegations do not defeat probable cause. |
| 11:28 am | Mr. Romero addresses the collateral estoppel arguments. The Court inquires about the probable cause determination by the state magistrate judge and whether it is entitled to the same effect as a district judge's order. Plaintiff agrees a criminal defendant would have the right to file a motion to dismiss in district court to have the probable cause determination reviewed. Plaintiff cites *Mata v. Anderson*, a Judge Browning opinion discussing similar issues. |
| 11:38 am | Ms. Brennan addresses the Court. No New Mexico case has held that a rule must be appealable in order to have preclusive effect. |
| 11:41 am | The Court concludes the hearing. |