IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**
          **Plaintiff,**

**v.**                                               **Case No. 1:18-CV-00829-SCY-JFR**

**FRANCES TWEED,** *et al*.,

          **Defendants.**

**MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED.R.CIV.P.54
AND REQUEST TO STAY THE INSTANT CASE
PENDING THE OUTCOME OF THE APPEAL**

      Plaintiff John Vigil, through counsel, respectfully requests that the Court enter a Partial Judgment into the record, which will allow Plaintiff to pursue an Appeal at this time. Plaintiff further requests that the Court stay the instant matter, pending the outcome of that appeal. As grounds in support thereof, Plaintiff states:

    **I.**      **Rule 54(b) Permits the Appeal of a Court's Decision on 12(b) Motions, but only when a Partial Judgment is also Entered.**

      On June 16, 2020, the Court entered its Memorandum Opinion and Order granting in part and denying in part Defendants' respective requests for dismissal. However, the Court did not file a Partial Judgment at the time of the entry of the Memorandum Opinion and Order. *C.f.*, Memorandum Opinion and Order [Doc. #31](filed 10/23/2019)(Parker, J) in *Garcia vs. Martinez, et al*., No. 1:19-cv-00641-JAP-LF and Partial Final Judgment [Doc. #32] (filed 10/23/2019) (Parker, J) in *Garcia vs. Martinez, et al*., No. 1:19-cv-00641-JAP-LF. In this case, only the Memorandum Opinion and Order was entered. Plaintiff respectfully requests that the Partial Final Judgment be entered in this matter.

**II.     The Memorandum Opinion and Order Dismissing Much of Plaintiff's Complaint is based on Reasoning that Plaintiff will Seek to Review on Appeal. It would Benefit All Parties to have that Review Completed Before Commencing Trial on the Remaining Counts Rather than Afterward.**

A core portion of the Court's ruling was the determination that in order to pursue a civil rights claim for the initial search of his desk, Plaintiff was required to request a disfavored and discretionary request for interlocutory appeal. As the New Mexico Supreme Court noted, yesterday, in the context of Inspection of Public records Act cases:

> As both parties note, Jones *could have* applied for discretionary remedies such as interlocutory review or reconsideration in response to the district court's order denying summary judgment. *See, e.g.*, NMSA 1978, § 39-3-4 (1999) (providing for interlocutory appeals from district court in civil cases under limited circumstances); Rule 12-203 NMRA (same). However, as a matter of civil procedure, we are not aware of any authority requiring him to have done so to preserve the issues addressed therein. Nor do our applicable principles favor such a requirement. *See Principal Mut. Life Ins. Co. v. Straus*, 1993-NMSC-058, ¶ 12, 116 N.M. 412, 863 P.2d 447 ("There is a strong policy in New Mexico of disfavoring piecemeal appeals and of avoiding fragmentation in the adjudication of related legal or factual issues." (citation omitted)); *Kelly Inn No. 102, Inc.*, 1992-NMSC-005, ¶ 27 ("New Mexico has [a] strong policy that courts should facilitate, rather than hinder, the right to appeal." (*citing Govich v. North American Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94)). We decline to conclude that it was mandatory in this case for Jones to apply for discretionary remedies from a nonfinal, interlocutory, ruling in order to preserve his argument that the requested records were improperly withheld.

Slip Op., *Jones v. N.M. Dept. of Public Safety*, S-1-SC-37094, (Vigil, J) entered 07/14/2020.

Available at: https://decisia.lexum.com/nmos/nmsc/en/item/482405/index.do

It is true that the *Jones* decision related to a different type of lawsuit. It was specifically overruling a claim that a civil litigant was required to seek an interlocutory appeal in order to preserve his or her right to seek review of, in that case, the grant or denial of summary judgment. Unlike that matter, the instant case involves a holding that a criminal defendant must seek an interlocutory appeal in order to preserve a future civil claim. Thus, while it is far from a foregone conclusion that the Tenth Circuit will agree with the New Mexico Supreme Court's reasoning on

2

an appeal in this case, the strength of the language in the New Mexico Supreme Court's holding today indicates that reasonable minds may disagree about the necessity of seeking an interlocutory appeal in order to preserve the right to sue. Plaintiff is mindful of the Court's need to control and manage its docket and respectfully seeks the Court's agreement that in this matter an appeal now is the better method to avoid delay and unnecessary litigation going forward.

> **III.    Although the Requested Stay is not Mandatory, the Standard for Granting or Denying Stays of District Court Proceedings Pending Interlocutory Appeals, Supports the Requested Stay.**

After reviewing the standard regarding mandatory and permissive stays in the District Court, it is Plaintiff's contention that the standard for granting a stay in this proceeding pending interlocutory appeal of the Partial Final Judgment requested by Plaintiff favors a stay in this court pending the resolution of the appeal. That is, in cases in which the District Court retains jurisdiction over a portion of the case, the trial court nevertheless "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650 (1997). The courts' authority even extends to staying an action pending resolution of pending litigation in which the parties are not involved. *Id.* at 244 (Where the resolution of an interlocutory appeal "would alter the direction of the current proceedings[…] It would be a waste of judicial and party resources to proceed with the other claims while the appeal is pending." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081 (E.D. Cal. 2008); *accord Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

Two sister courts in the Tenth Circuit have issued two instructive decisions. In *Beltronics USA, Inc. v. Midwest Inventory Distribution*, LLC, 545 F. Supp. 2d 1188 (D. Kan. 2008), the plaintiffs had prevailed in securing a preliminary injunction. In granting the stay, the district court noted that the appeal to the Tenth Circuit would likely resolve a fundamental question in the dispute known as the "first sale doctrine", and even if it did not fully resolve the issue, the appeal would clarify the appropriate parameters for future discovery and motions proceedings. *Id*. at 1190. Similarly, in *Bray v. QFA Royalties, LLC*, 2007 WL 2688858, Memorandum Opinion & Order, Civil Action No. 06–cv–02528–JLK. (D. Colo. Sept. 12, 2007), the district court granted a stay pending the defendant's interlocutory appeal of the district court's granting of preliminary injunction, because the Tenth Circuit's "determination of the legal issues inherent in my preliminary injunction decision will edify further proceedings on those same plaintiffs' claims for permanent injunctive relief." *Id*. at *1. The outcome of the planned appeal could dramatically reshape the issues to be presented at trial and Plaintiff therefore requests a stay of the remaining counts pending that outcome.

**IV.   Plaintiff intends to Concurrently file his Notice of Appeal. Pursuant to Rule 54(b), It will be Considered to have been Filed Only Upon the Entry of the Partial Final Judgment.**

Rule 54(b) allows the filing of a Notice of Appeal before the Partial Final Judgment requested herein is filed. It will not be "operative" unless and until the Court enters a Partial Final Judgment. It will be filed out of concern that Defendants may believe that the Memorandum Opinion and Order itself was enough to trigger Plaintiff's deadline to file a Notice of Appeal. It does not affect the Court's jurisdiction of the matter or hamper its ability to either grant or deny this Motion. It appears to Plaintiff as a result of discussions between counsel, that certain Defendants believe that the filing of the Memorandum Opinion and Order triggers the thirty-day appellate deadline. Plaintiff did not find any law in support of this contention. Instead, Plaintiff

4

submits that the filing of a Partial Final Judgment is the triggering event. In this case, however, the debate over the triggering event is academic: both the instant pleading and the Notice of Appeal will have been filed within thirty days of the entry of the Memorandum Opinion and Order.

**V.     Position of Defendants**

Counsel for the State Defendants, Mark Komer, has been contacted and has advised that at this time his clients cannot concur in this request made herein. Counsel will apprize the parties and the Court if additional research and consideration or discussion with his clients causes these Defendants to change their position. At the present time, the Motion is opposed.

Counsel for the County Defendants, Christina Brennan, has been contacted. Plaintiff does not intend to appeal the portion of the Court's Memorandum Opinion and Order that related to the County Defendants. Given this fact, the County Defendants take no position on this Motion.

WHEREFORE Plaintiff requests that the Court file a Partial Final Judgment, that the Court stay this matter pending the outcome of the appeal, and for such further relief as the Court deems necessary and appropriate.

                Respectfully submitted,
                ROMERO & WINDER, P.C.

                "**Electronically Filed**"
By:  /s/ Joe M. Romero. Jr.
       Attorney for Plaintiff
       1905 Lomas Blvd. NW
       Albuquerque, NM 87104
       (505) 843-9776
       joe@romeroandwinder.com

I certify that a true and correct copy of the foregoing Motion was served to all counsel of record via the Court's CM/ECF electronic document filing and delivery service on the date indicates in the header affixed hereto by the Court.

       "**Electronically Filed**"
By:    /s/ Joe M. Romero. Jr.