IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

    Plaintiff,

v.                                           Case No. 1:18-CV-00829-SCY-JFR

FRANCES TWEED, et al.,

    Defendants.

RESPONSE OPPOSING MOTION FOR
ENTRY OF A PARTIAL JUDGMENT

Defendants Frances Tweed, Antonio Coca, Joe Chavez, Corrine Dominguez and the New Mexico Behavioral Health Institute ("State Defendants") oppose Plaintiff's Motion for Entry of a Partial Judgment (Doc 74), which seeks a Rule 54(b) certification from this Court for an interlocutory appeal of its recent Memorandum Opinion and Order dismissing Plaintiff's Fourth Amendment and state law claims against the State Defendants.[1] (Doc 66 filed 6-16-20)

The Court's order is not suitable for Rule 54(b) certification. The Court of Appeals would lack jurisdiction over the appeal because the order is not final. Further, Plaintiff Vigil has failed to show that there is "no just reason for delay", a finding the Court must make to certify the decision for appeal. *See* Fed.R.Civ.P. 54(b). Therefore, the Court should deny Vigil's motion.

---

[1] Vigil states that he only seeks Rule 54(b) certification on the rulings related the State Defendants, not the County Defendants. (Doc 74 at 5)

1. Background

The Court will recall that the Plaintiff John Vigil originally asserted claims against the State Defendants alleging that they acted unreasonably in relying on anonymous notes in conducting a workplace search of his desk and lockers at the New Mexico Behavioral Health Institute. Vigil's first amended complaint included Section 1983 claims under the Fourth Amendment for unreasonable search and seizure, malicious prosecution, First Amendment retaliation and analogous state law claims. According to the complaint, these claims all arise from the same set of operative facts. He alleged that the defendants conspired to retaliate against him for supporting his domestic partner in a litigation against the NMBHI as well as his alleged speech related to the classification and housing of patients at the NMBHI. (*See* First Amended Complaint, Doc 1-4 at ¶ 3-38) Vigil contends that the workplace searches, along with later contacts and assistance with law enforcement, led to his prosecution for possession of controlled substances at work. (*Id.*)

The State Defendants initially filed a motion to dismiss, seeking qualified immunity on all the federal claims. (Doc 16) The State Defendants also asserted that the New Mexico Tort Claims Act ("NMTCA") provides immunity to these defendants for the state law claims. (*Id.*) Vigil's response principally addressed the First and Fourth Amendment claims, along with the state law claims. (*See* Doc 23) Vigil conceded that his first amended complaint did not assert a viable cause of action for malicious prosecution against the State Defendants. (*Id.* at page 10)

The Court granted the State Defendants' motion to dismiss, determining that they were entitled to qualified immunity on Vigil's Fourth Amendment office search claim as well as the First Amendment claim. (*See* Memorandum Opinion, Doc 30) The Court also held that the NMTCA did not waive immunity for the State Defendants on the state law claims. (*Id.*) The Court did not address the federal malicious prosecution claim because the plaintiff had previously agreed to dismiss that claim against the State Defendants. (*Id.* at 5)

Vigil then obtained leave of Court to amend his complaint. (*See* Doc 37) In his second amended complaint, Vigil ramped up his factual allegations, averring that the defendants fabricated the anonymous notes and planted evidence, including a pill in his office drawer. (*See* Doc 38) Again, the entire course of the alleged conspiracy by the defendants from fabricating the notes, planting the pill, contacting and assisting law enforcement and so on constituted the factual basis for his unreasonable search, malicious prosecution and First Amendment retaliation claims as well as accompanying state claims. (*Id.*)

The County Defendants moved for dismissal and, in particular, argued that the judges in the state criminal proceedings determined there was probable cause for his arrest, a finding that vitiates an element of Vigil's malicious prosecution claim. (*See* Doc 49) The State Defendants moved for judgment on the pleadings, contending that Vigil's new factual allegations about fabricating and planting evidence were untimely under the applicable statute of limitations and did not relate back under the provisions of Rule 15. (*See* Doc 50) The State Defendants also

joined in the County's motion concerning probable cause. (Doc 50 at 19) In addition, the State Defendants sought qualified immunity under all the federal claims, including the malicious prosecution counts for additional reasons. (*See Id. at* 16-18)(arguing that plaintiff previously conceded the futility of the malicious prosecution claim; the complaint lacked allegations that the State Defendant's acted under color of law; there is no clearly established precedent showing that the alleged contacts with law enforcement constitute a basis for malicious prosecution, and that plaintiff's allegations did not dispense with all the grounds supporting the probable cause determination).

This brings us to the current Memorandum Opinion and Order (Doc 66), which is the subject of the Plaintiff Vigil's motion for Rule 54(b) certification. The Court granted in part the State Defendants' motion for judgment on the pleadings. (*See id.*) The Court determined that the new factual allegations about fabricating notes and planting evidence were untimely and did not relate back. (*Id.*) Accordingly, the Court observed that the plaintiff's complaint in Count I was essentially in the same posture that it was when the Court entered its previous Memorandum Opinion and Order. (*Id.* at 12) The defendants were therefore entitled to qualified immunity on the Fourth Amendment search claim. (*Id.*) The Court held, however, that the plaintiff's second amended complaint cured previous deficiencies in the First Amendment retaliation claim by clarifying plaintiff's alleged protected speech on a matter of public concern. (*Id.*) The Court again dismissed the state law claims based on the application of the New Mexico Tort Claims Act. (*Id.*)

As to the Fourth Amendment malicious prosecution claim, the Court's Memorandum Opinion focused on the County Defendants' arguments about the preclusive effect of the probable cause determination by the Magistrate Court and State District Court Judges in the criminal matter. (*See* Doc 66 at 22-30) The Court determined that the finding of probable cause is entitled to preclusive effect, and that collateral estoppel forecloses the federal malicious prosecution claim against both the State and County Defendants. (*Id.*) In doing so, the Court did not take up the alternative grounds for dismissing the federal malicious prosecution count against the State Defendants. (*Id.*)

According to plaintiff's motion for entry of a partial summary judgment, Vigil apparently seeks to appeal the Court's determination about the preclusive effect of the probable cause determination solely as to the State but not County Defendants. (*See* Doc 74) This affects only the Fourth Amendment malicious prosecution claim. It is not clear from the plaintiff's motion whether the plaintiff also seeks an appeal of the dismissal of the Fourth Amendment office search claim or the various state law claims. For the purposes of this response, the defendants assume that Vigil may also wish to appeal those rulings.

2. **Law On Rule 54(b) Certification**

Normally, the Tenth Circuit Court of Appeals waits "for a district court to resolve all the claims presented in a case before entertaining any appeal." *CCPS Transp., LLC v. Sloan*, 611 Fed. Appx. 931, 932 (10th Cir. 2015) (J. Gorsuch, unpublished) (citing 28 U.S.C. § 1291; *Moya v. Schollenbarger*, 465 F.3d 444, 450-51

(10th Cir. 2006)). Federal Rule of Civil Procedure 54(b) provides an exception to this rule, permitting the district court to certify for appeal that it has resolved one claim among many and that the claim in question deserves immediate appellate attention. *Id.*

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001). Rule 54(b) "may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions." *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1107 (10th Cir. 2001). District courts should be reluctant to certify orders under Rule 54(b) because "the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Bruner*, 259 F.3d at 1242 (quoting *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)).

To properly certify an order as final under Rule 54(b), the district court must make two express determinations in its certification order: first, that its judgment is final, and second, that no just reason exists to delay entry of its judgment. *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). District courts should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we

can review a 54(b) order more intelligently and thus avoid jurisdictional remands." *Stockman's Water Co. v. Vaca Partners,* 425 F.3d 1263, 1265 (10th Cir. 2005). The Tenth Circuit applies a two-tiered standard of review to a district court's Rule 54(b) certification. *See Bruner,* 259 F.3d at 1242 (citations omitted). The district court's determination of the certified order's finality is subject to *de novo* review because it is a question of law; however, the court's determination that there is no just reason for delay is reviewed only for abuse of discretion. *Id.*

Factors for the district court to consider in making an express determination of finality and no just reason for delay include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980); *see also Stockman's Water,* 425 F.3d at 1265. Instead of announcing a "bright-line" test for discerning the existence of multiple claims in this context, the Supreme Court has alluded generally to the concept of "separate, distinct, and independent" claims. *Waltman v. Georgia-Pacific, LLC,* 590 Fed. Appx. 799, 810-811 (10th Cir. 2014) (citing *Curtiss-Wright Corp.,* 446 U.S. at 6). The Court has for some time "recognize[d] that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.* (quoting *Liberty Mut. Ins. Co.,* 424 U.S. at 743 n.4.).

The inquiry focuses on practical concerns, "particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) "To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.* (citation and quotation omitted) "While the exact definition of "claim" for purposes of Rule 54(b) is unsettled, a claim is generally understood to include all factually or legally connected elements of a case. . . ." *Bruner,* 259 F.3d at 1242 (citations omitted) "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243.

In addition to determining finality, a certification order must include the district court's express determination "that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Elm Ridge Exploration Co. v. Engle*, 721 F.3d 1199, 1209 n.5 (10th Cir. 2013). Rule 54(b) certification "is only appropriate when a district court adheres strictly to the rule's requirement" of making this express determination. *Bruner*, 259 F.3d at 1242 (emphasis added). " Substance prevails over form; that is, labeling an order a "Rule 54(b) certification" has no operative legal effect. *See, e.g., Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983) (concluding that, where the order in question was "not a final order," "the district court could not make it final by certifying it as such under Rule

54(b)." "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. at 8.

In making these determinations, the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water*, 425 F.3d at 1265. (citations omitted). "[I]n the long run it will be less wasteful and more efficient for district and appellate courts to adhere to the rule that only separate and distinct claims can be isolated for appeal under Rule 54(b). *Jordan*, 425 F.3d at 829. Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together. *Id.*

3. **The Court's Memorandum Opinion Is Not Final For The Purposes of Rule 54(b).**

Plaintiff's motion seeks certification to take up this Court's decision that the state district court's previous probable cause determination precludes Vigil's civil malicious prosecution claim under the doctrine of collateral estoppel. (Doc 74 at 13) Vigil's motion, however, does not address the threshold issue of whether the Memorandum Opinion is "final" for the purposes of the Rule 54(b) certification.

Based on the Tenth Circuit's application of Rule 54(b), the Memorandum Opinion and Order is not a final decision, subject to certification, because all of the claims in the case arise out of the same core set of operative facts. The dismissed Fourth Amendment and state law claims are not "distinct and separable" from the First Amendment claim. *See Old Republic Ins. Co. v. Durango Air Serv.*, 283 F.3d

*State Defendants' Response Opposing Motion
for Entry of a Partial Judgment*                9

1222, 1225 (10th Cir. 2002)). Rather, Vigil pleads overlapping, alternative legal theories, seeking similar damages for the same underlying alleged conspiracy to retaliate against him through the State Defendants' office searches and their interaction with law enforcement.

In the wake of the Court's Memorandum Opinion, Plaintiff Vigil presently has a claim for First Amendment retaliation against the State Defendants, contending that they conspired to conduct unreasonable workplace searches and assisted law enforcement in the criminal prosecution in retaliation for alleged protected speech. (*See* Doc 66 at 31) This claim overlaps with the Fourth Amendment counts for the office searches and malicious prosecution. All these claims derive from the same facts Vigil sets forth in the "Factual Background" section of his complaint. (*See* Second Amended Complaint, Doc 38 at ¶¶12-56) In the Fourth Amendment counts, Vigil asserts that the office searches and ensuing criminal prosecutions were "retaliatory" against him. (*Id.* at ¶¶ 37, 104-105, 113-114) Vigil then later alleges that the very same conduct constitutes retaliation for his First Amendment allegations. (*Id.* at ¶¶129-130, 137-138). Vigil also avers that all of this conduct is a coordinated conspiracy against him. (*Id.* at ¶¶47-50, 54, 102, 104, 113-115, 129).

Further, all of the federal Section 1983 counts coalesce around the element that each individual defendant be acting "under color of law" for each act of retaliation. For example, to establish a Section 1983 claim against State Defendant Antonio Coca under any of the alleged legal theories, plaintiff Vigil must show that

Coca acted under color of law in engaging a particular retaliatory act related to the office searches or the criminal prosecution. The same is true for each state defendant.

Thus, these federal legal remedies are not "separate and discrete" for the purposes of the Rule 54(b) finality requirement. *See Old Republic Ins. Co.*, 283 F.3d at 1225. Although there may be some discrete questions in the First Amendment context[2], the allegations of retaliation through the workplace searches and the criminal prosecution predominate in each theory. Such "[i]nterrelated legal claims and alternative theories for recovery should be litigated together and appealed together." *Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005).

4. **Vigil Has Not Shown Good Cause For The Court To Determine That There Is "No Just Reason For Further Delay."**

Simply put, it does not make sense for the Court of Appeals to take up an appeal concerning a single element of a malicious prosecution claim when other claims arising from a shared set of operative facts are still pending in district court. In many cases -- if not most -- some claims are dismissed before trial. *Radian Asset Assurance Inc. v. Coll. of the Christian Bros. of N.M.*, 2011 U.S. Dist. LEXIS 14437, 2011 WL 10977180, at *64 (J. Browning). "If the Court certifies every claim dismissed, litigation would be brought to a halt. Unless the issue is seriously in doubt, the Court should resolve all issues before sending the case to the Court of

---

[2] Such as whether Vigil's speech is protected or whether the governmental interest in ensuring a secure behavior healthcare facility outweigh his interests.

Appeals; the district court should avoid sending issues piecemeal to the court of appeals." *Id.*

Plaintiff's motion for a stay of the district court action along with the Rule 54(b) certification tacitly admits as much. There would be little reason for such a stay if the claims were truly separate and distinct; the claims could be tried separately. Vigil's request to pause the case to seek an interlocutory review of a single ruling midstream is not consistent with the purposes of Rule 54(b) finality.

Moreover, there is "good reason" for delay for Rule 54(b) purposes at this stage. The State Defendants anticipate that they will file dispositive motions for qualified immunity by the February 4, 2021 deadline after discovery. (*See* Doc 72 Order Amending Case Management Deadlines) Resolution of the State Defendants' qualified immunity defense on the remaining First Amendment claim will likely afford either plaintiff or defendants a right of an immediate appeal before any trial.[3] It would be far more efficient to deny certification now, allow the parties to conduct discovery and proceed with rulings on dispositive motions. If necessary, an appeal could go forward before trial but with a more fully developed factual record. "[I]n the long run," this approach makes more sense than having an appeal now on only the probable cause element and then have the case remanded for the defendants to file dispositive motions on qualified immunity that may lead to rulings and another pretrial appeal. *See Jordan*, 425 F.3d at 829.

---

[3] Vigil would have a right to appeal an Order dismissing the remaining claim; alternatively, defendants may immediately appeal an Order denying them qualified immunity.

Plaintiff Vigil's request for certification now also presents a risk of inconsistent results. Vigil only seeks to appeal the probable cause issue against the State Defendants. In this posture, the ruling in favor of the County Defendants remains intact, affording plaintiff the opportunity to appeal that decision as to the County Defendants later in the case. This is exactly the sort of risk of piecemeal, repetitive appeals that Rule 54(b) seeks to avoid.

5. Conclusion

For all these reasons, the Defendants respectfully request that the Court enter an order denying plaintiff's motion and for all other appropriate relief.

            **LONG, KOMER & ASSOCIATES, P.A.**

            */s/ Mark E. Komer*
            Mark E. Komer
            P.O. Box 5098
            Santa Fe, NM  87502
            Tel:  505.982.8405
            mark@longkomer.com
            email@longkomer.com

            *Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 29th day of July 2020, I filed the foregoing **State Defendants' Response Opposing Motion for Entry of a Partial Judgment** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joe M. Romero, Jr.
joe@romeroandwinder.com

*Attorneys for Plaintiffs*

Christina L.G. Brennan
James P. Sullivan
christina@brennsull.com
jamie@brennsull.com

*Attorneys for County Defendants*

                                                          By:    */s/ Mark E. Komer*
                                                                        Mark E. Komer