IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

      **Plaintiff,**

vs.                                        No. 18-CV-00829-SCY-JFR

FRANCIS TWEED, *et al.*,

      **Defendant.**

**PLAINTIFF'S RESPONSE TO COUNTY DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS ON THE BASIS OF**
**QUALIFIED IMMUNITY AND OTHER GROUNDS**
**(REQUEST FOR ADDITIONAL DISCOVERY NEEDED TO RESPOND TO THE**
**PENDING MOTION AFFIDAVIT IN SUPPORT OF)**

    Plaintiff, through counsel, Romero & Winder, P.C. (Joe M. Romero, Jr.) and for his Response the County Defendants' Motion for Judgment on the Pleadings on the Basis of Qualified Immunity and Other Grounds, requests specific, targeted discovery necessary to gather the evidence needed to respond thereto, pursuant to Fed.R.Civ.P.56(d). In support of his Response and his Rule 56(d) request, Plaintiff states:

**I.**    **The Determination as to the Legal Sufficiency and Veracity of the Information upon which the Affidavits in support of the Search Warrants is A Fact-Intensive inquiry. Plaintiff requests Specific Discovery as Set Forth in the Fed.R.Civ.P.56(d) Affidavit attached hereto.**

    The County Defendants, who seek dismissal in the Motion for Judgment on the Pleadings, based upon Qualified Immunity and Other Grounds are sued based upon their involvement in in securing search warrants, searching Plaintiff's private work areas, and prosecuting Plaintiff thereafter based upon their findings. At the same time that these Defendants moved for judgment, they moved to stay discovery. A Motion for Judgment on the Pleadings or any motion based upon qualified immunity generally stays discovery. However, courts "assess the validity of a search

warrant on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing [judge]," *Maryland v. Garrison*, 480 U.S. 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987); *see Wilkins v. DeReyes*, 528 F.3d 790, 802 (10th Cir.2008), looking both at the facts that support probable cause and those that militate against it, *Valenzuela*, 365 F.3d at 897. In order to determine whether there exists evidence to support Plaintiff's claims against the County Defendants on his § 1983 claims and his state law claims, Plaintiff needs the testimony of the County Defendants and the State Defendants identified in the attached Affidavit. *Exhibit A*.

   II.   **Accrual Date for State Law Claims of Malicious Prosecution was the Date of Acquittal or the Date of Dismissal.**

Defendants argue that the statute of limitations bar Plaintiff's state law claims. The County Defendants' claim that the two-year statute of limitations accrued at the occurrence of the searches and the filings. Plaintiff concedes that the limitations period for claims of unlawful search ran from the date of the search and consequently those claims are time-barred. With regard to the claim of Malicious Abuse of Process, however, Plaintiff contends that his claim for Malicious Abuse of Process did not accrue until he was acquitted of two of the criminal charges against him and the third was dismissed. To hold otherwise would be to assert that a malicious abuse of process claim would have to be brought before the criminal prosecution had been resolved in Plaintiff's favor. As such, it would function as a collateral attack on the criminal case.

New Mexico has combined the torts of abuse of process and malicious prosecution into a single tort: malicious abuse of process. *DeVaney v. Thriftway Mktg. Corp.*, 124 N.M. 512, 518, 953 P.2d 277, 283 (1997), *overruled by Durham v. Guest*, 145 N.M. 694, 204 P.3d 19 (2009). "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Richardson v. Rutherford,* 109 N.M. 495, 501, 787 P.2d 414, 420 (1990). The

Supreme Court of New Mexico has held that "an abuse of process arises when there has been a perversion of the court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to perform some collateral act which he legally and regularly would not be compelled to do." *Richardson v. Rutherford*, 109 N.M. at 500, 787 P.2d at 419.

In *Durham v. Guest*, the Supreme Court of New Mexico held that: (i) an arbitration proceeding is a judicial proceeding for the purposes of a claim for malicious abuse of process, see 204 P.3d at 28; and (ii) that the requirement that the defendant initiate judicial proceedings against the plaintiff—which had previously been an essential element to a malicious-abuse-of-process claim—was no longer an element, *see* 204 P.3d at 26. The tort of malicious abuse of process under New Mexico law now has only three elements: (i) "the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge;" (ii) "a primary motive in the use of process to accomplish an illegitimate end;" and (iii) damages. *Durham v. Guest*, 204 P.3d at 26. In elaborating upon the first element, the Supreme Court of New Mexico commented:

The tort of malicious abuse of process is construed narrowly to protect the right of access to the courts. *DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d at 284. "[T]he filing of a proper complaint with probable cause, and without any overt misuse of process, will not subject a litigant to liability for malicious abuse of process, even if it is the result of a malicious motive." Richardson v. Rutherford, 787 P.2d at 421 ("There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions ...." (citation omitted)). "[A] malicious-abuse-of-process plaintiff attempting to show a lack of probable cause must demonstrate, by the applicable standard of proof, that the opponent did not

3

hold a reasonable belief in the validity of the allegations of fact or law of the underlying claim." *DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d at 287. If an officer had probable cause to obtain the warrant for the plaintiff's arrest, then he acted with authority when he arrested her, and he cannot be held liable for malicious abuse of process based on a lack of probable cause, but can still be held liable under a "procedural impropriety" theory. *Santillo v. N.M. Dep't of Pub. Safety*, 173 P.3d at 13–14 (noting that "the procedural impropriety theory, unlike the lack of probable cause theory, does not stand or fall on the merits of the underlying claims," and that "even in meritorious cases the legal process may be abused"). All of the Court's concerns about narrow usage of malicious abuse of process suits would be undermined by filing the suit before the resolution of the action that Plaintiff contends gave rise to his claim. Plaintiff requests the opportunity to address the available case law more completely after he has had the opportunity to conduct the depositions described in the attached Affidavit. Those depositions may undermine or bolster the claim for malicious abuse of process.

**WHEREFORE,** Plaintiff respectfully requests that the Court permit him to conduct the discovery described in the attached Affidavit; consents to the dismissal of his unreasonable search and seizure claims under the New Mexico Tort Claims Act; and requests the opportunity to further respond to the request to dismiss the Tort Claim for Malicious Abuse of Process.

    Respectfully submitted,
**ROMERO & WINDER, P.C.**

"Electronically Filed"
By: /s/ Joe M. Romero. Jr.
    Attorney for Plaintiff
    1905 Lomas Blvd. NW
    Albuquerque, NM 87104
    (505) 843-9776
    joe@romeroandwinder.com

I certify that a true and correct copy of the foregoing to all counsel of record via the Court's CM/ECF electronic document and delivery system on October 19, 2020.

"Electronically Filed"
/s/ Joe M. Romero. Jr.
Attorney for Plaintiff