IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN VIGIL,**

      **Plaintiff,**

vs.                                                                                                               No. 18-CV-00829-SCY-JFR

**FRANCIS TWEED,** *et al.*,

      **Defendant.**

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY NEEDED TO RESPOND TO THE PENDING MOTION FOR JUDGMENT ON THE PLEADINGS

      **JOE M. ROMERO, JR**., on his oath and based upon his own first-hand knowledge, states and affirms:

      1.      I am counsel of record for Plaintiff in the above-captioned case.

      2.      In order to respond to the pending Motion by the County Defendant's Motion for Judgment on the Pleadings on the Basis of Qualified Immunity and Other Grounds, I need limited additional discovery in the form of depositions.

      3.      Specifically, a central issue in the pending Motion for Judgment on the Pleadings is whether the information included in the affidavits presented in support of the two search warrants issued in this case, were:

      a.  true and complete,

      b.  if at the time that the Affidavits were prepared, the Affiants were aware of additional information that should have been included in the Affidavits in support of the search warrants; or

      c.  if at the time that the Affidavits were prepared, the Affiants were aware that portions of the Affidavits contained information that was not true.

4. Undersigned counsel represented John Vigil at his administrative hearing regarding the appeal of his termination of employment. Defendant Francis Tweed testified under oath at the administrative hearing.

5. In several instances at the administrative hearing, Francis Tweed testified falsely.

6. For example, after Mr. Vigil was criminally charged, Ms. Tweed inaccurately testified under oath that upon a resident's medication being discontinued, Mr. Vigil was required to "immediately" return the medication to the pharmacy. SPO Hearing, 1st Day, at 2:59:30(disclosed to Defendants).

7. Likewise, after Mr. Vigil was criminally charged, and regarding Mr. Vigil's prescribed Hydrocodone, Ms. Tweed inaccurately testified under oath that as a NMBHI employee, Mr. Vigil was not authorized to possess his own prescription medication unless it was stored in a labeled or prescription container. SPO Hearing, 1st Day, at 3:39:00(disclosed to Defendants).

8. After Mr. Vigil was criminally charged, and regarding Mr. Vigil's prescribed Hydrocodone, Ms. Tweed falsely and inaccurately testified under oath that Mr. Vigil was not allowed to use "any" prescription medication while on duty. SPO Hearing, 1st Day, at 3:36:00, 3:37:00, 3:38:30(disclosed to Defendants).

9. Francis Tweed provided information in support of the aforementioned Affidavits, which in turn were used to support of the two search warrants.

10. In the first Affidavit, Sean Armijo refers to Joe Chavez informing him that Francis Tweed "had received an anonymous letter stating that [Plaintiff] was stealing medication and money from patients…" among other allegations.

11. The second Affidavit was executed by Defendant Anthony Madrid.

12. The second Affidavit contains the same allegations as the first Affidavit.

13.     If the information that is included in the affidavits by the County Defendants is true, uncontradicted in depositions, complete, and did not omit other information that was known to these Defendants or include information that was known by these Defendants not to be true at the time that they executed the aforementioned affidavits, then given the Court's prior rulings, Plaintiff's claims against the County Defendant will likely not be viable.

14.     However, the depositions sought are critical to Plaintiff's ability to evaluate what was known and not known by the County Defendants.

15.     It was clearly established at the State Personnel Office hearing that Francis Tweed was the decisionmaker who decided to terminate Plaintiff—but that fact was not clear in documentary evidence. The documentary evidence gave the appearance that Corrine Dominguez terminated Plaintiff. In her testimony Corrine Dominguez stated that the decision to dismiss Mr. Vigil was made primarily by Ms. Tweed. In support of that statement, Ms. Dominguez stated that Ms. Tweed oversaw the investigation, and Ms. Tweed let Ms. Dominguez know what happened. Ms. Dominguez testified that at the time Ms. Tweed was her boss and she trusted Ms. Tweed. Ms. Dominguez additionally stated that the actual Notice of Final Action (NFA) letter was written by Ms. Tweed in conjunction with the Human Resources Office. SPO Hearing, 2nd Day, at 5:19:30(disclosed to Defendants).

16.     In order to respond to the Motion to Dismiss, Plaintiff needs the following discovery: depositions of Francis Tweed, Antonio Coca, Joe Chavez, Sean Armijo, Anthony Madrid, and Antoine Whitfield.

17.     On behalf of Plaintiff, undersigned counsel requests that the court permit Plaintiff to take the depositions of the foregoing individuals.

18. On behalf of Plaintiff, undersigned counsel can conduct the depositions within thirty (30) days, subject to Defendants' availability.

19. As counsel for Plaintiff, I therefore request that the Court deny the pending Motion for Judgment on the Pleadings until Plaintiff can take the aforementioned depositions and until Plaintiff is afforded the opportunity to respond to the Motion with the testimony resulting therefrom.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Attorney for Plaintiff

STATE OF NEW MEXICO    )
                       )
COUNTY OF BERNALILLO   )

Subscribed and sworn to before me this 19th day of October, 2020, by Joe M. Romero, Jr.



_____
Notary Public

My Commission Expires:

5/12/24

4