IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN VIGIL,

      Plaintiff,

  v.                                                                                                 Civ. No. 18-829 SCY/JFR

FRANCES TWEED et al.,

      Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

Plaintiff is an employee of a state-run psychiatric hospital in Las Vegas, New Mexico. He has sued the hospital, San Miguel County, and an assortment of individual defendants, claiming that a series of searches conducted of his belongings at his workplace, and subsequent prosecution for possession of a controlled substance, were unlawful. After Plaintiff filed his Second Amended Complaint, the Court in its June 16, 2020 Memorandum Opinion found that Plaintiff could not relitigate the issue of probable cause for his prosecution because the issue was adversely determined against him in prior proceedings in state court. The County Defendants (Sean Armijo, Antoine Whitfield, Anthony Madrid, and the Board of County Commissioners of San Miguel County) now move for judgment on the pleadings on the grounds of qualified immunity. Doc. 91. Because the County Defendants raise the defense of qualified immunity, they also move to stay all discovery in the case. Doc. 88. Counsel for co-defendants Francis Tweed, Antonio Coca, and the New Mexico Department of Health do not oppose the motion to stay, but Plaintiff does. Doc. 88 at 1. Plaintiff submits an affidavit under Federal Rule of Civil Procedure 56(d) stating that he needs to take various defendants' depositions to establish whether misstatements or omissions vitiated the probable cause set forth in the County Defendants'

search warrant affidavits. Doc. 91-1. Because the Court finds that Plaintiff's alleged missing facts would not affect the existence of probable cause for the search warrants, the Court grants the County Defendants' Opposed Motion for Stay (Doc. 88).

## PROCEDURAL HISTORY

County Defendants filed their Motion For Judgment On The Pleadings On The Basis Of Qualified Immunity And Other Grounds on September 24, 2020. Doc. 87. On the same date, the County Defendants filed their Opposed Motion to Stay based on the individual County Defendants' assertions of qualified immunity. Doc. 88. On October 20, Plaintiff filed his response to the motion for judgment on the pleadings. Doc. 91. As part of his response, Plaintiff requested "that the Court permit him to conduct the discovery described in the attached Affidavit." Doc. 91 at 4. This Rule 56(d) affidavit requested permission to conduct discovery as to whether the individual County Defendants' search warrant affidavits were true and complete. Doc. 91-1. On October 22, Plaintiff filed a short opposition to the motion to stay discovery, referring to his arguments and Rule 56(d) affidavit. Doc. 92. The County Defendants filed replies to both motions on November 3. Docs. 93 & 94.

The Court now takes up the motion to stay discovery. It defers decision on the motion for judgment on the pleadings until Plaintiff has had the opportunity to file another response in opposition to that motion.

## DISCUSSION

As a general rule, when a defendant raises the defense of qualified immunity that defendant is entitled to a stay of discovery pending a decision on whether qualified immunity applies. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of

litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred.") (citation omitted); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (all discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense). Despite the general rule prohibiting discovery while the issue of qualified immunity is being litigated, however, courts under Federal Rule of Civil Procedure 56(d) sometimes allow a plaintiff to obtain limited discovery that bears on the issue of qualified immunity. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994).

Plaintiff argues for such Rule 56(d) discovery. He asserts that the success of the County Defendants' qualified immunity defense turns on whether two search warrants issued by a state judge are valid. Docs. 87-1 & 87-2. Plaintiff argues that he needs additional evidence to explore whether the affidavits in support of these search warrants were true and complete. Doc. 91-1 ¶ 3.

Rule 56(d) permits a party opposing summary judgment[1] to request that the Court defer a ruling on the motion in the absence of necessary discovery. To obtain discovery under Rule 56(d) the party seeking discovery must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion]." Fed. R. Civ. P. 56(d). In the Tenth Circuit, this means the party requesting additional discovery must identify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what

---

[1] The County Defendants argue that this summary judgment rule does not apply when a party is opposing a motion for judgment on the pleadings, which tests the sufficiency of the pleadings and normally does not involve facts outside the four corners of the complaint. Doc. 94 at 2-3. The Court need not decide this issue because it denies Plaintiff's motion on other grounds.

3

steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks and alterations omitted).

Plaintiff has not made a sufficient showing to avoid responding to the motion for judgment on the pleadings through application Rule 56(d). His attorney's affidavit sets forth no information with respect to parts 2 or 3 of the above Rule 56(d) test; in other words, Plaintiff fails to address why the information he seeks is unavailable and what steps he has taken to obtain that information.

In addition, as the County Defendants argue, Plaintiff does not identify missing facts that, if proven, would help him overcome the defense of qualified immunity and rebut the motion for judgment on the pleadings. Doc. 93 at 3. Plaintiff argues that the search warrant affidavits contain misrepresentations because Frances Tweed, an employee of New Mexico Behavioral Health Institute ("NMBHI"), testified falsely at an administrative hearing held pursuant to the state personnel act. Doc. 91-1 ¶ 5. According to Plaintiff, "Ms. Tweed inaccurately testified under oath that upon a resident's medication being discontinued, Mr. Vigil was required to 'immediately' return the medication to the pharmacy." *Id.* ¶ 6. "Ms. Tweed inaccurately testified under oath that as a NMBHI employee, Mr. Vigil was not authorized to possess his own prescription medication unless it was stored in a labeled or prescription container." *Id.* ¶ 7. "Ms. Tweed falsely and inaccurately testified under oath that Mr. Vigil was not allowed to use 'any' prescription medication while on duty." *Id.* ¶ 8. Plaintiff argues this testimony is relevant to the County Defendants' assertion of qualified immunity because Ms. Tweed provided information in support of the search warrant affidavits. *Id.* ¶ 9.

"In the context of a qualified immunity defense on an unlawful search . . . claim, we ascertain whether a defendant violated clearly established law by asking whether there was 'arguable probable cause' for the challenged conduct." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (some internal quotation marks omitted); *Kapinski v. City of Albuquerque*, 964 F.3d 900, 910 n.6 (10th Cir. 2020). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher*, 759 F.3d at 1141. A defendant is entitled to qualified immunity if "a reasonable officer could have believed that probable cause existed." *Id.* (internal quotation marks omitted).

In order to test the sufficiency of an affidavit in support of a search warrant, the court will "measure probable cause by (1) removing any false information from the affidavit, (2) including any omitted material information, and then (3) inquiring whether the modified affidavit establishes probable cause for the warrant." *Puller v. Baca*, 781 F.3d 1190, 1197 (10th Cir. 2015). The information Plaintiff seeks does not bear on step 1 of this test because Plaintiff does not allege that the officers' affidavits supporting the searches contradict the information Plaintiff seeks through Rule 56(d) discovery. In other words, the search warrant affidavits do not aver that: upon a resident's medication being discontinued, Mr. Vigil was required to immediately return the medication to the pharmacy; that Mr. Vigil was not authorized to possess his own prescription medication unless it was stored in a labeled or prescription container; or that Mr. Vigil was not allowed to use any prescription medication while on duty. Docs. 87-1 & 87-2. Therefore, even if the discovery Plaintiff seeks leads to the evidence he hopes to obtain, that evidence would not lead to anything being removed from the officers' affidavits under step 1.

Moving on to steps 2 and 3, Plaintiff fails to demonstrate that the missing information

5

vitiates probable cause. The first search warrant affidavit sworn by Deputy Sheriff Sean Armijo explains the basis for probable cause as follows. Deputy Armijo arrived at NMBHI and spoke to Joe Chavez and Ms. Tweed. Doc. 87-1 at 3. Ms. Tweed said she had received an anonymous letter stating that Mr. Vigil "was stealing medication and money from patients currently being treated at NMBHI" and that he "had money and prescription narcotics belonging to various patients at NMBHI, locked inside of his desk." *Id.* Deputy Armijo explained that NMBHI employees unlocked Mr. Vigil's desk and opened the upper compartment of the desk. *Id.* Deputy Armijo observed approximately four unidentified prescription pill bottles, a small cup containing an unidentified prescription pill, and approximately four sealed "Southwest Capital Bank" money envelopes. *Id.* He requested the NMBHI employees seal the desk. *Id.*

Mr. Chavez then provided Deputy Armijo photos that he initially took when he cut the padlock to the desk. *Id.* Deputy Armijo observed multiple sealed "Southwest Capital Bank" money envelopes along with more possible prescription medication in one of the drawers to Mr. Vigil's desk. *Id.* Ms. Tweed advised Deputy Armijo that the pill inside of the small container was possibly Ativan. *Id.* Ms. Tweed stated she had researched the pill's descriptors and found it to be Ativan. *Id.* Deputy Armijo averred that, upon information and belief, Ativan is a scheduled narcotic. *Id.* Deputy Armijo concludes: "Upon information from BHI Director Troy Jones, Mr. Vigil has authority to assist in the distribution of medication to patients, however he does not have authority to possess the drugs." *Id.*

The second affidavit is sworn out by Undersheriff Anthony Madrid. Doc. 87-2 at 4. It describes the first search of Plaintiff's desk, and states that "Ativan, a scheduled narcotic" was seized "along with a substantial amount of money possibly belonging to NMBHI patients." Doc. 87-2 at 3. "Other medication belonging to NMBHI patients that are not scheduled narcotics, were

6

also located." *Id.* On June 19, Undersheriff Madrid was advised by Ms. Tweed that a second anonymous letter had come in stating that Mr. Vigil had two lockers with narcotics in them. *Id.* Undersheriff Madrid went to Plaintiff's locker and was advised that security had cut the lock and located eleven Hydrocodone pills in a "Centrum" vitamin bottle and two in "another container." *Id.* "Upon information and belief, Hydrocodone is a scheduled narcotic." *Id.* "Upon information from BHI Director Troy Jones, Mr. Vigil has authority to assist in the distribution of medication to patients, however he does not have authority to possess the drugs." *Id.*

The search warrant affidavits establish arguable probable cause to believe Mr. Vigil had patient medication (rather than his own prescription medication) in his desk and locker. There were anonymous notes saying so. The anonymous notes were corroborated because, in the desk, there was an unidentified pill outside a bottle and sitting in a cup; the prescription bottles were unidentified; and the officers found cash in envelopes along with the medication. In the locker, the Hydrocodone pills were contained in a "Centrum" vitamin bottle instead of a prescription bottle properly labeled with Mr. Vigil's name and prescription information. A reasonable officer could believe the combination of cash and unlabeled or disguised controlled substances established probable cause that Mr. Vigil had no legal right to possess the medication.

Adding the "missing facts" to these affidavits does not strip them of probable cause. Presumably, the "missing facts" are that: Mr. Vigil was not required to immediately return a resident's medication to the pharmacy; that Mr. Vigil was authorized to possess his own prescription medication even if not stored in a labeled or prescription container; and that Mr. Vigil was allowed to use his own prescription medication while on duty. The "missing facts" only establish that there might be an alternative, non-criminal explanation for the controlled substances found in Mr. Vigil's desk and locker. But "innocent explanations—even

7

uncontradicted ones—do not have any automatic, probable-cause-vitiating effect." *D.C. v. Wesby*, 138 S. Ct. 577, 592 (2018). The "missing facts" do not definitively establish who the medication in the desk belongs to, nor do they address the presence of the cash found in the desk. That is, even if Deputy Armijo and Undersheriff Madrid had possessed the information about Mr. Vigil's entitlement to store his own prescription medications in his desk and locker, they were not required to believe that the prescription medications were indeed his own rather than belonging to patients. And even if the officers had been informed that Mr. Vigil had a right to handle patient medication until he could return it to the pharmacy, they were not required to *disbelieve* Mr. Jones's contrary statement that Mr. Vigil does not have authority to possess patient medication. *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) ("Officers . . . are not required to credit a suspect's explanation if the officers reasonably believe they still have probable cause . . . despite the explanation."); *Cortez v. McCauley*, 478 F.3d 1108, 1121 n.18 (10th Cir. 2007) (en banc) ("once probable cause is established, an officer is not required to continue to investigate exculpatory evidence before arresting a suspect").

In other words, Plaintiff does not establish that the search warrant affidavits, as modified with Plaintiff's additional facts that he wishes to obtain under Rule 56(d), lack probable cause. Plaintiff's request therefore does not satisfy Rule 56(d). The County Defendants are entitled to a stay of all discovery until their assertion of qualified immunity is resolved.

## CONCLUSION

For these reasons, the Court GRANTS the Motion to Stay Discovery, Doc. 88. The Court denies Plaintiff's Rule 56(d) request. The Court grants Plaintiff an opportunity to file another response to the Motion for Judgment on the Pleadings, Doc. 91, in light of this ruling. Subject to the parties' agreement or a request for an extension of time, Plaintiff shall file a response to the

8

Motion for Judgment on the Pleadings within two weeks from the date of this Order, or March 15, 2021. The County Defendants may file another reply brief within two weeks from the date of Plaintiff's response.

If Plaintiff prefers not to file another response to the Motion for Judgment on the pleadings, or intends to concede the County Defendants' motion in light of the Court's ruling staying discovery, he may file a status report so indicating within two weeks from the date of this Order.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent